[No. 12859-4-II.   Division Two.   June 13, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. KEVIN LEE BLAKEY, *Appellant.*

*Susan Ann Stauffer,* for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney,* and *Kim R. Farr, Deputy,* for respondent.

MORGAN, J.—On November 21, 1988, the defendant was sentenced for eight counts of forgery. At that time, the trial court, hereinafter referred to as the forgery court, determined in accordance with RCW 9.94A.400(1)(a) that the eight counts were not based on the same criminal conduct and that the defendant's offender score should include seven points for current offenses. Given the defendant's prior offenses, his total point score was 10, and his standard range 22 to 29 months, all counts to run concurrently. The court actually imposed a total of 29 months, and neither party appealed. The Department of Corrections placed the defendant at Larch Mountain Honor Camp.

On January 2, 1989, he walked away from the honor camp. He was captured after a few hours and initially charged with first degree escape. Later, the charge was reduced to second degree escape, and he pleaded guilty. At the time of that plea, he argued to the trial court, hereinafter referred to as the escape court, that the eight forgeries from 1988 constituted the same criminal conduct and should only count as one point on his offender score. The escape court ruled to the contrary, and set his offender score at 11. This made the standard range 51 to 60 months, and the court actually imposed 51 months.

On appeal, the defendant makes two contentions. First, he argues that some or all of the eight forgeries were based on the same criminal conduct, the result being that the escape court should have used a lower offender score and a lower standard range. Second, he argues that he was entitled to receive an exceptional sentence downward as a matter of law, because a sentence of 51 months was clearly excessive within the meaning of RCW 9.94A.390(1)(g).[1]

The State responds to the first contention in two ways. First, it argues that the forgery court's determination that

---

[1] In one line of his brief, without citation of authority, the defendant also states, "This sentence would appear to be cruel and unusual punishment . . .." If the statement is intended as a separate contention, we reject it.

the eight counts were not based on the same criminal conduct became final when it was not appealed, and that the defendant was not entitled to reopen the matter before the escape court. Second, it argues that the eight counts were indeed based on different criminal conduct.

We agree with both of the State's responses. The need for judicial finality is recognized by the principles of res judicata and collateral estoppel, *State v. Dupard,* 93 Wn.2d 268, 272, 609 P.2d 961 (1980) (collateral estoppel and res judicata have "a common goal of judicial finality"); *Bordeaux v. Ingersoll Rand Co.,* 71 Wn.2d 392, 395–96, 429 P.2d 207 (1967), but at the same time the need for judicial flexibility is recognized through the various exceptions to which those principles are subject. *State v. Scott,* 92 Wn.2d 209, 212, 595 P.2d 549 (1979) (CR 60(b) allows relief from final judgment); *see also In re Marriage of Timmons,* 94 Wn.2d 594, 599, 617 P.2d 1032 (1980) (child custody modification statute reflected "an intent to moderate the harshness of res judicata"). Res judicata and collateral estoppel apply in criminal cases, *Dupard;* 93 Wn.2d at 273; *State v. Peele,* 75 Wn.2d 28, 30, 448 P.2d 923 (1968); *Ashe v. Swenson,* 397 U.S. 436, 443, 25 L. Ed. 2d 469, 475, 90 S. Ct. 1189 (1970), but they are subject to exceptions that include motions for relief from judgment, CR 60, *State v. Scott,* 92 Wn.2d at 212, and personal restraint petitions. RAP 16.3–16.15.

Finality and flexibility have been balanced by the Washington appellate courts in cases involving the use of prior convictions at a sentencing. In *State v. Ammons,* 105 Wn.2d 175, 188, 713 P.2d 719, 718 P.2d 796 (1986), *cert. denied,* 479 U.S. 930, 93 L. Ed. 2d 351, 107 S. Ct. 398 (1986), and *State v. Jones,* 110 Wn.2d 74, 77–79, 750 P.2d 620 (1988), the Supreme Court held that a defendant could not attack the *constitutionality* of a facially valid prior conviction that had become final without invoking one of the available avenues of relief from finality, notwithstanding that the prior conviction was being presently utilized

for sentencing purposes.[2] And in *In re Bush,* 26 Wn. App. 486, 496–97, 616 P.2d 666 (1980), *aff'd,* 95 Wn.2d 551, 627 P.2d 953 (1981), the Court of Appeals held to the same effect with regard to a final prior conviction that was being presently used by the parole board to set the petitioner's minimum term of imprisonment.

If a defendant cannot attack the constitutionality of a prior conviction without invoking one of the available avenues for relief from finality, it follows a fortiori that he cannot attack a nonconstitutional aspect of a conviction without doing likewise. In this case, the forgery court decided that the eight counts were not the same criminal conduct, and that decision, nonconstitutional so far as we can tell, became final. As far as the record shows, no avenue of relief from finality, if any, has ever been invoked. Thus, the escape court was obligated to follow the forgery court's decision, and its calculation of points was proper.

■ In any event, the eight forgeries were not based on the same criminal conduct. RCW 9.94A.400(1)(a) provides in pertinent part,

> "Same criminal conduct," . . . means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim. . . .

Here, the eight forgeries occurred at different times or places, or involved different victims, or both. Thus, the decisions by both the forgery court and the escape court were correct.

■ Defendant's second contention is also not well taken. Given his offender score of 11, the escape court was entitled to find that a sentence at the low end of the standard range, 51 months, was not clearly excessive within the meaning of RCW 9.94A.390(1)(g), and the court was not

---

[2] In *Jones,* 110 Wn.2d at 79 n.2, the court elaborated by saying: "Under this scheme, the defendant would be sentenced using the prior conviction as criminal history. If a defendant is successful later in collaterally challenging a prior conviction, he can then be resentenced 'without the unconstitutional conviction being considered.'" (Citation omitted.)

required to grant an exceptional sentence downward as a matter of law.

Affirmed.

PETRICH, A.C.J., and ALEXANDER, J., concur.