[No. 11347-7-III.    Division Three.    August 11, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK R. LARA, *Appellant.*

928

*Eric M. Christianson* and *Scott & Schmidt,* for appellant.

*Gary A. Riesen, Prosecuting Attorney,* and *Douglas J. Shae, Deputy,* for respondent.

SWEENEY, J. — Frank R. Lara pleaded guilty to one count of unlawful delivery of a material in lieu of a controlled substance. The standard range sentence for the offense was 51 to 68 months based upon Mr. Lara's offender score as computed by the sentencing court. Mr. Lara was sentenced to 51 months. He appeals, contending the court erroneously computed his offender score for purposes of calculating the standard range.

FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On November 19, 1990, Mr. Lara was charged with one count of unlawful delivery of a material in lieu of a controlled substance, RCW 69.50.401(c). He entered a plea of guilty.

Mr. Lara's adult criminal history included convictions of second degree burglary in 1984, first degree theft in 1987, second degree theft in 1987, five counts of forgery in Douglas County between December 19, 1988, and January 6, 1989, and five counts of forgery in Chelan County between December 22, 1988, and January 3, 1989.

Each of the 10 forgery counts involved checks drawn on the account of Mr. Lara's mother and passed to various business merchants, including a supermarket, a gas station, a jewelry store and a department store. On February 28, 1989, Mr. Lara was convicted and sentenced for the Douglas County offenses. The court calculated his offender score at 7 and imposed standard range sentences of 18 months for each count, to be served concurrently.

Mr. Lara was convicted of five counts of forgery in Chelan County on May 1, 1989. The court calculated his offender score at 9+, the maximum offender score available. Mr. Lara received standard range sentences of 25 months for each count of forgery, to be served concurrently.

At the sentencing hearing for the unlawful delivery offense, Mr. Lara asserted that the 10 forgery offenses should be counted as only one point in calculating his offender score, or at the most two points. He contended that the unlawful delivery sentencing court had, pursuant to RCW 9.94A-.360(6)(a), the discretion to count all prior offenses which ran concurrently as one offense.

The unlawful delivery sentencing court (the current sentencing court) rejected Mr. Lara's argument and counted his 10 prior forgery convictions as separate offenses. Based upon the maximum offender score of 9+, Mr. Lara was sentenced to 51 months, the low end of the standard range. This appeal follows.

## ISSUE

The sole issue presented is whether the court erred in computing Mr. Lara's offender score.

## DISCUSSION

Mr. Lara contends the current sentencing court has discretion to treat his 10 prior forgery offenses as one or two points in calculating his offender score even though the prior sentencing court determined the offenses were not the same criminal conduct pursuant to RCW 9.94A.400(1)(a).

RCW 9.94A.360(6)(a); *State v. Hartley*, 41 Wn. App. 669, 705 P.2d 821, *review denied*, 104 Wn.2d 1028 (1985).

■ The interpretation of a statute is a matter of law subject to independent appellate review. *Schmitt v. Cape George Sewer Dist. 1*, 61 Wn. App. 1, 5, 809 P.2d 217 (1991). A statute is interpreted so as to give effect to the Legislature's intent in creating the statute. *Cherry v. Municipality of Metro Seattle*, 116 Wn.2d 794, 799, 808 P.2d 746 (1991). In a criminal case, ambiguities in the statute are to be resolved in favor of a defendant. *Hartley*, at 673.

RCW 9.94A.360(6)(a) provides that in computing a defendant's offender score,

> [p]rior adult offenses which were found, under RCW 9.94A-.400(1)(a), to encompass the same criminal conduct, shall be counted as one offense, the offense that yields the highest offender score. *The current sentencing court shall determine with respect to other prior adult offenses for which sentences were served concurrently whether those offenses shall be counted as one offense or as separate offenses . . .[.]*

(Italics ours.) RCW 9.94A.400(1)(a) provides that

> if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. . . . "Same criminal conduct . . ." . . . means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim.

The prior sentencing courts in Douglas and Chelan County each respectively determined Mr. Lara's forgery offenses did not encompass the same criminal conduct and were to be counted separately in computing his offender score. RCW 9.94A.400(1)(a); *State v. Blakey*, 61 Wn. App. 595, 599, 811 P.2d 965 (1991). Notwithstanding that determination, Mr. Lara argues the current sentencing court has discretion to count the forgeries as one offense. He directs this court to the Legislature's wording of RCW 9.94A.360(6)(a) and RCW 9.94A.400(1)(a). He concludes that while the latter statute is guided by the "same criminal conduct" standard, the former is guided by a broad discretion. *State v. Hartley*, *supra*.

■ In *Hartley*, the defendant argued that his five prior Oregon convictions should be counted as one offense. The defendant had been sentenced separately for the five crimes, but the sentences coincidentally overlapped. The court found the use of the word "served" in the statute to be ambiguous, but ruled it would be

> utterly inconsistent . . . to construe the statute so that a defendant who had committed and been sentenced separately for several serious crimes over a period of years, but who happened to serve overlapping prison terms for them at the same time, would be deemed to have committed only one offense. *We are confident that the Legislature's true intent was to include one offense in criminal history when prior concurrent sentences were judicially imposed for more than one offense, regardless of whether the concurrent sentences arose out of the same or separate incidents.*

(Some italics ours.) *Hartley*, at 673-74 (interpreting former RCW 9.94A.360(11), later amended as RCW 9.94A.360(5), now RCW 9.94A.360(6)).

While we are mindful that Mr. Lara's interpretation of the statute would allow a defendant theoretically to have, at a later sentencing, a lower offender score than at a previous sentencing hearing, we agree with his interpretation. RCW 9.94A.360(6)(a) provides that the current sentencing court shall determine whether offenses which were served concurrently shall be counted as "one offense or as separate offenses". The statute does not restrict the current sentencing court to the previous sentencing court's determination or to the application of the same criminal conduct standard imposed pursuant to RCW 9.94A.400(1)(a).

In calculating Mr. Lara's offender score, the current sentencing court stated:

> The same criminal conduct means two or more crimes that require the same criminal intent . . . It seems to me that that was the standard in previous cases. If they're charged and they have a different victim or different date or different time and maybe even a different intent, that they're all separate crimes.
>
> And the Court feels that, one, the Court has already found and ruled that these were separate offenses and so sentenced in 1988 . . .[.]

Although we believe the current sentencing court exercised its discretion, it is not apparent from the record. *See* *State v. Pryor*, 56 Wn. App. 107, 123, 782 P.2d 1076 (1989), *aff'd*, 115 Wn.2d 445, 799 P.2d 244 (1990). Accordingly, we remand for a statement of reasons and resentencing, if indicated.

Mr. Lara has moved this court for postponement of consideration of his appeal until such time after his motion to withdraw his guilty plea is heard in the trial court. RAP 11.3(b). Mr. Lara's motion for postponement is denied. The issues raised in Mr. Lara's motion may be raised by personal restraint petition. RAP 16.4.

SHIELDS, C.J., and MUNSON, J., concur.