[No. 11738-3-III.   Division Three.   April 6, 1993.]

*In the Matter of the Personal Restraint of*
RAYMOND HOLMES, *Petitioner.*

284

*Richard F. Bueschel,* for petitioner.

*David A. Pitts, Prosecuting Attorney,* and *Laura C. Hooper, Deputy,* for respondent.

MUNSON, J. — Raymond Holmes has filed a personal restraint petition, RAP 16.4(c)(2), contending his Kittitas County sentence was based on an incorrectly calculated offender score. The prosecuting attorney has responded. In supplemental briefing, Mr. Holmes also argues the Kittitas County Superior Court imposed an improper exceptional sentence; placed him in double jeopardy by ordering part of his sentence to be served consecutively and another part concurrently with a sentence imposed in Pacific County for related crimes; and erred by imposing a sentence different from that of his partner in crime, Lawrence Rupert Smith. We remand for resentencing in accordance with this opinion.

On April 27, 1988, in the Taneum Creek area of Kittitas County, Mr. Smith and Mr. Holmes robbed and kidnapped Neal Shively at gunpoint and stole his car.[1] They let him out

---

[1] The facts set forth here are drawn from counsels' briefs and the incident report prepared by the Kittitas County Sheriff's Department which is appended

of the car some distance from where they started. They then went to the Long Beach area of Pacific County where, on April 29, they burglarized the home of Raymond Archer, robbed and kidnapped Mr. Archer at gunpoint, and took his motor vehicle without permission. Soon thereafter, Mr. Smith was captured, but Mr. Holmes evaded police on foot. Still armed and still in Pacific County, he entered the home of Mary Yoshimi, held her as a hostage, and attempted to rape her, before he surrendered to police.

Mr. Holmes pleaded guilty in Pacific County to two counts of first degree kidnapping (counts 1 and 2), two counts of first degree burglary (counts 5 and 6), and one count each of first degree robbery (count 7), attempted first degree rape (count 8), and taking a motor vehicle without the owner's permission (count 9).[2] On July 8, 1988, the Pacific County Superior Court apparently found counts 1, 5, and 7, the kidnapping, burglary and robbery involving Mr. Archer, were "offenses encompassing the same criminal conduct and counting as one crime". The court imposed the following sentence relating to Mr. Archer:

> 113 months for count 1 [Kidnapping]; 108 months for count 5 [Burglary] concurrent with count 1; 113 months for count 7 [Robbery] concurrent with count 1; 6 months for count 9 [Taking vehicle] concurrent with count 2;

and the following sentence relating to Ms. Yoshimi:

> 85 months for count 2 [Kidnapping]; 85 months for count 6 [Burglary] concurrent with count 2; and 83 months for count 8 [Attempted Rape].[3]

---

to the prosecutor's brief to this court. We have not been provided with a transcript of the original sentencing hearing; we cannot determine whether the sheriff's report or other similar evidence was admitted or considered. No evidence was introduced at a December 17, 1991, superior court hearing.

[2]Counts 3 and 4, for first degree assaults on Mr. Archer and Ms. Yoshimi, were dismissed.

[3]Pacific County counts 1, 2, and 8 were to be served consecutively, for a total of 281 months. The other counts were served concurrently. The Pacific County judgment and sentence does not show how the court calculated Mr. Holmes' offender scores. His Pacific County sentence is not challenged here.

Mr. Holmes was transported to Kittitas County, where he pleaded guilty to crimes relating to Mr. Shively as follows: count 1, first degree robbery; count 2, first degree kidnapping, with a special finding for use of a deadly weapon on counts 1 and 2; and count 3, second degree theft.[4] The Kittitas County Superior Court calculated his offender scores, using the seven prior Pacific County convictions plus two nonviolent offenses committed in 1984, and established his standard range sentences, including 24 months for the deadly weapon enhancement on counts 1 and 2, as follows:

| Count | Offense | Seriousness Level | Offender Score | Range |
|-------|---------|-------------------|----------------|-------|
| 1 | Robbery 1st | 10 | 17 | 173-222 mos. |
| 2 | Kidnap 1st | 9 | 15 | 153-195 mos. |
| 3 | Theft 2nd | 1 | 9 | 22-29 mos. |

The court imposed standard range sentences of 200 months for the robbery (count 1) and 25 months for the theft (count 3), both to run concurrently with the Pacific County sentence.

The court entered the following special findings:

> The court finds that the defendant should receive punishment which is in addition to the punishment received in Pacific County Cause No. 88-1-00047-4.
> The Court further finds that a 96 month sentence for Count 2 [kidnapping in the first degree], to be served consecutively with the 281 month sentence to be served in the above Pacific County Cause No. 88-1-00047-4 is an adequate amount of additional punishment.

Thus, the court imposed an exceptional sentence of 96 months for count 2, which is substantially below the standard range of 153 to 195 months, and ordered it to run consecutively to the Pacific County sentence.

After Mr. Holmes filed this personal restraint petition, the prosecutor moved for resentencing in Kittitas County

---

[4]RCW 9A.56.040(1)(d) provides theft of a motor vehicle valued less than $1,500 is second degree theft, a class C felony.

Superior Court. After hearing the motion on December 17, 1991, that court indicated in an oral ruling that it would recalculate his offender score but would impose the same sentence, *i.e.*, all but 96 months of the Kittitas County sentence to be served concurrently with the Pacific County sentence. No written order has been entered.

## OFFENDER SCORE

Mr. Holmes contends the Kittitas County court incorrectly calculated his offender score by failing to find certain of his prior offenses constituted the same course of criminal conduct.[5]

To calculate the offender score for each current offense, the court must (1) determine what prior offenses are to be counted as prior convictions, former RCW 9.94A.360(5)(a); (2) determine which current offenses are to be counted as additional prior convictions, RCW 9.94A.400(1)(a); and (3) assign points for each prior and current conviction according to the appropriate formula set forth in former RCW 9.94A-.360(6) through (15).

### 1. Prior Conviction

As to the first step, Mr. Holmes claims several of the prior offenses for which he was convicted in Pacific County were incorrectly counted because they encompassed the same criminal conduct.[6]

If two or more prior offenses were found to encompass the same criminal conduct, at the time of conviction, only the

---

[5]Recalculation of the offender score for the Kittitas County kidnapping of Mr. Shively is merely an academic exercise because, even as recalculated, the offender score remains at 9 or more. We discuss the matter nevertheless in the belief such a discussion will be instructive to the superior courts.

[6]"A prior conviction is a conviction which exists before the date of sentencing for the offense for which the offender score is being computed. . . ." RCW 9.94A-.360(1). Mr. Holmes' July 8, 1988, conviction in Pacific County existed on October 6, 1988, when he was sentenced in Kittitas County, and thus is treated as a prior conviction, although the crimes of which he was convicted occurred after the crimes in Kittitas County.

offense which will yield the highest offender score should be counted. Former RCW 9.94A.360(5).[7] The Pacific County judgment and sentence identified the kidnapping, burglary and robbery involving Mr. Archer (counts 1, 5, and 7) as: "Current offenses encompassing the same criminal conduct and counting as one crime in determining the offender score . . .". Thus, of those three Pacific County offenses, only the kidnapping, which yields the highest offender score, should have been counted in calculating Mr. Holmes' offender scores in Kittitas County as to those convictions. Here, that highest offender score was 3.[8]

■ Absent an express finding by the Pacific County Superior Court that the remaining offenses there encompassed the same criminal conduct, the Kittitas County Superior Court must determine whether the remaining offenses, for which sentences are being served concurrently, should be counted as one offense or as separate offenses. *State v. Lara*, 66 Wn. App. 927, 834 P.2d 70 (1992); former RCW 9.94A.360(5)(a). Thus, the Kittitas County Superior Court was required to determine whether the Pacific County taking of Mr. Archer's motor vehicle and the Yoshimi kidnapping and burglary should be counted as one offense or as separate offenses.[9] Because this was not done, the

---

[7]Former RCW 9.94A.360(5) provided:

"In the case of multiple prior convictions, for the purpose of computing the offender score, count all convictions separately, except:

"(a) Prior adult offenses which were found, under RCW 9.94A.400(1)(a), to encompass the same criminal conduct, shall be counted as one offense, the offense that yields the highest offender score. The current sentencing court shall determine with respect to *other* prior adult offenses for which sentences were served concurrently whether those offenses shall be counted as one offense or as separate offenses, and if the court finds that they shall be counted as one offense, then the offense that yields the highest offender score shall be used". (Italics ours.)

[8]Under former RCW 9.94A.360(9), which applies to calculation of the offender score for the Kittitas County kidnapping conviction, the Archer kidnapping would count 3 points, the Archer robbery would count 2 points, and the Archer burglary would count 1 point. Thus, of the crimes against Mr. Archer, only the kidnapping, which yields the highest score, is counted.

[9]We do not conclude the attempted first degree rape of Ms. Yoshimi is the same course of criminal conduct.

matter must be remanded for corrected findings and possible resentencing. *See Lara*, at 932.

Based on the foregoing reasoning, if the taking of Mr. Archer's motor vehicle and the Archer kidnapping, burglary and robbery are counted as one offense, and the Yoshimi burglary and kidnapping are counted as one offense, the following prior offenses should be counted in calculating Mr. Holmes' offender score for the Kittitas County convictions:

> first degree kidnapping of Mr. Archer; first degree kidnapping of Ms. Yoshimi; attempted first degree rape of Ms. Yoshimi; and a 1984 second degree burglary.[10]

If either the motor vehicle taking or the Yoshimi burglary is determined to be a separate offense, then that offense also should be counted in calculating Mr. Holmes' offender score for the Kittitas County convictions.

## 2. Current Convictions

As to the second step, Mr. Holmes suggests his current offenses should not be used in calculating his offender scores. He is mistaken. In sentencing for multiple current offenses, all other current offenses are included in calculating the offender score for each current offense unless the court enters a finding that two or more current offenses encompass the same criminal conduct. RCW 9.94A.400(1)(a);[11] *State v. Lewis*,

---

[10]The Kittitas County judgment and sentence indicates Mr. Holmes was sentenced on September 17, 1984, for both prior convictions: (a) possession of stolen property committed on July 27, 1984, and (b) second degree burglary committed on March 14, 1984.

> In the case of multiple prior convictions for offenses committed before July 1, 1986, for the purpose of computing the offender score, count all adult convictions *served* concurrently as one offense . . . Use the conviction for the offense that yields the highest offender score.

(Italics ours.) Former RCW 9.94A.360(5)(c). Since the pre-1986 offenses were nonviolent and sentence for both was imposed on the same date, it is likely the convictions were served concurrently. *See* RCW 9.94A.400(1). Accordingly, they count as one offense.

[11]RCW 9.94A.400 states:

"(1)(a) Except as provided in (b) of this subsection, whenever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if

115 Wn.2d 294, 300-01, 797 P.2d 1141 (1990). Two offenses encompass the same criminal conduct if they both involve

> the same objective criminal intent (which can be measured by determining whether one crime furthered another), the same time and place, and the same victim. If any one element is missing, multiple offenses cannot be said to encompass the same criminal conduct, and they must be counted separately in calculating the offender score.

*State v. Lessley*, 118 Wn.2d 773, 778, 827 P.2d 996 (1992); RCW 9.94A.400(1)(a). Intent, as used in this analysis, "is not the particular *mens rea* element of the particular crime, but rather is the offender's objective criminal purpose in committing the crime." *State v. Adame*, 56 Wn. App. 803, 811, 785 P.2d 1144, *review denied*, 114 Wn.2d 1030 (1990).

The Kittitas County information charged Mr. Holmes with kidnapping Mr. Shively "with intent to facilitate commission of the felony of Robbery in the First Degree and flight thereafter . . .". The two crimes occurred at the same time and place, and the kidnapping furthered the commission of the robbery. Accordingly, these two counts must be considered to encompass the same criminal conduct.

▮ The information does not establish a similar relationship between the Kittitas County theft of Mr. Shively's vehicle and either of the other Kittitas County offenses. Information not admitted by the plea agreement or proved at the time of sentencing cannot be relied upon in sentencing. RCW 9.94A.370(2); *see State v. Rodriguez*, 61 Wn. App. 812, 816, 812 P.2d 868, *review denied*, 118 Wn.2d 1006 (1991). The record here does not reflect any facts, beyond those stated in the information, which can be used in determining whether Mr. Holmes had the same objective criminal purpose in committing the theft as he had in the commission of the robbery

---

they were prior convictions for the purpose of the offender score: PROVIDED, That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. Sentences imposed under this subsection shall be served concurrently. . . . 'Same criminal conduct,' as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim."

and kidnapping.[12] On remand, the sentencing court may wish to take additional evidence and reconsider whether the theft should be included in calculating Mr. Holmes' offender score for the robbery and kidnapping offenses.

### 3. Assignment of Points for Prior and Current Offenses

As to the third step, the offender score must be recalculated by the sentencing court after it has determined whether the Pacific County convictions for burglary and taking a motor vehicle and the Kittitas County theft conviction should be counted as separate offenses. If these are not counted as separate offenses, Mr. Holmes' offender scores would be calculated as follows:

The offender score for the Kittitas County first degree kidnapping conviction is calculated pursuant to former RCW 9.94A.360(9):[13] each of the two Pacific County first degree kidnappings counts 3 points, the attempted first degree rape is scored the same as for a completed offense, *see* former RCW 9.94A.360(4), and counts 3 points, and the 1984 second degree burglary convictions count 1 point, for a total score of 10.

The offender score for the Kittitas County first degree robbery conviction, defined as a violent offense in former RCW 9.94A.030(26)(a), is calculated under former RCW 9.94A-.360(8):[14] the two Pacific County kidnapping convictions and

---

[12]The incident report prepared by the Kittitas County Sheriff's Department contains statements which suggest Mr. Holmes' vehicle had broken down and thus the theft of Mr. Shively's car may have been the original purpose of the robbery and kidnapping incident and/or the theft of the car may have been accomplished to facilitate flight after the commission of the other crimes.

[13]"If the present conviction is . . . Kidnapping 1, or Rape 1, count three points for prior adult and juvenile convictions for crimes in these categories, . . . one point for each prior adult nonviolent felony conviction . . .". Former RCW 9.94A-.360(9).

[14]"If the present conviction is for a violent offense . . . count two points for each prior . . . violent felony conviction, one point for each prior adult nonviolent felony conviction . . .". Former RCW 9.94A.360(8).

the attempted rape count 2 points each, and the burglary conviction counts 1 point, for a total score of 7.

The score for the Kittitas County second degree theft conviction is calculated under former RCW 9.94A.360(7):[15] each prior felony conviction counts 1 point for a total of 4.

These calculations result in Mr. Holmes' offender scores and standard ranges for each of the Kittitas County convictions (including an additional 24 months added to the sentences on counts 1 and 2 based on the deadly weapon finding, RCW 9.94A.310(3)(a)) as follows:

| Count | Offense | Seriousness Level | Offender Score | Range |
|-------|---------|-------------------|----------------|-------|
| 1 | Robbery 1st | 9 | 7 | 111-140 mos. |
| 2 | Kidnap 1st | 10 | 10 | 173-222 mos. |
| 3 | Theft 2nd | 1 | 4 | 3-8 mos. |
| | Total | | | 287-370 mos. |

RCW 9.94A.320; RCW 9.94A.310(1).[16] If the burglary of Ms. Yoshimi, the taking of Mr. Archer's vehicle and/or the theft of Mr. Shively's vehicle are determined to be separate offenses, the Kittitas County offender scores and standard ranges would increase accordingly.

EXCEPTIONAL SENTENCE

■ Mr. Holmes contends the Kittitas County Superior Court imposed an improper exceptional sentence by attempting to run the Kittitas County sentence on count 2 consecutively to counts 1 and 3 and to the entire Pacific County sentence. He is correct. The sentences for the three offenses must be served concurrently unless consecutive sentences are imposed as an exceptional sentence under RCW 9.94A.390. Former RCW 9.94A.400(1)(a).[17] Under RCW 9.94A.400(3),

---

[15]"If the present conviction is for a nonviolent offense . . . count one point for each adult prior felony. conviction . . .". Former RCW 9.94A.360(7).

[16]These are the offender scores and standard ranges the court's December 17, 1991, oral ruling indicated it would use in resentencing.

[17]"Consecutive sentences may only be imposed under the exceptional sentence provisions of RCW 9.94A.120 and 9.94A.390(2)(e) or any other provision of RCW 9.94A.390." Former RCW 9.94A.400(1)(a).

the court could have ordered the entire Kittitas County sentences to run either concurrently with or consecutively to the Pacific County sentence. *State v. Linderman*, 54 Wn. App. 137, 139, 772 P.2d 1025, *review denied*, 113 Wn.2d 1004 (1989).

However, Kittitas County Superior Court imposed an exceptional sentence on count 2 of 96 months, which is below the standard range.[18] The court then ordered the 96 months to run consecutively to the Pacific County sentences. This was also an exceptional sentence under RCW 9.94A.400-(1)(a).[19] At a second sentencing hearing, the court clarified the sentence by an amendment, which reads:

> The terms in Counts 1 and 3 shall run concurrently with each other and concurrently with the sentence imposed in Pacific County Cause No. 88-1-00047-4. Count 2 shall run consecutively to the Pacific County sentence.

Thus, by imposing a sentence *below* the standard range on Kittitas County count 2, which is to run *consecutively* to the sentences for counts 1 and 3 (but concurrently with the Pacific County sentence), the court imposed two exceptional sentences. This it cannot do. *State v. Batista*, 116 Wn.2d 777, 785-86, 808 P.2d 1141 (1991).

The court's special findings suggest only one factor which would support an exceptional sentence. The finding of one aggravating factor, namely the inequitable result of concurrent sentencing under the multiple offense policy, supports an exceptional sentence. Such a finding will not support the imposition of two exceptional sentences, (1) a nonstandard range sentence and (2) an exceptional consecutive sentence. *See State v. McClure*, 64 Wn. App. 528, 827 P.2d 290 (1992).

---

[18]The findings do not state any of the recognized mitigating circumstances identified in RCW 9.94A.390, but imply the court's finding the multiple offense policy of RCW 9.94A.400 would result in a sentence which is excessive. *See* RCW 9.94A.390(1)(g), (2)(g). The findings should be clarified to clearly express the grounds relied on for imposing an exceptional sentence. *See State v. Batista*, 116 Wn.2d 777, 808 P.2d 1141 (1991).

[19]RCW 9.94A.400(3) does not suggest this can be done selectively as to some of the concurrent sentences for present offenses and not as to others.

It would appear the sentencing court has several options, at least two of which would result in Mr. Holmes' serving approximately 96 additional months for his Kittitas County crimes.

The court could impose a 377-month exceptional sentence for the Kittitas County first degree kidnapping, which would be less than twice the maximum standard range of 222 months (see table, page 292). If the sentences for all Kittitas County crimes were served concurrently with each other and with the Pacific County sentence, Mr. Holmes would then serve an additional 96 months for the offenses committed in Kittitas County.

As an alternative, the court could impose the maximum standard range sentence for each offense in Kittitas County and order they be served consecutively, for a total of 370 months. If that sentence were served concurrently with the 281-month Pacific County sentence, Mr. Holmes would serve an additional 89 months for the crimes committed in Kittitas County, slightly less than the additional time the trial court apparently considered appropriate.

## DOUBLE JEOPARDY

Mr. Holmes contends, without citation to authority, that if a sentencing court gives consideration to the length of sentence imposed by another court for a different crime committed by the defendant, and consequently imposes a consecutive sentence where concurrent sentencing would otherwise be standard, the court has imposed an additional sentence for the crime for which the defendant has been previously sentenced, in violation of constitutional protection against double jeopardy. This reasoning, if correct, would prohibit the imposition of an exceptional sentence based on inequities resulting from the multiple offense policy of RCW 9.94A.400, contemplated by RCW 9.94A.390(1)(g) and former (2)(f).

"[T]he double jeopardy clause protects against the imposition of multiple punishments for the same offense." *In re Fletcher*, 113 Wn.2d 42, 46, 776 P.2d 114 (1989). In the context of multiple prosecutions, double jeopardy bars a sub-

sequent prosecution in which the State must prove conduct which constitutes an offense for which the defendant has been prosecuted. *State v. Laviollette*, 118 Wn.2d 670, 675-76, 826 P.2d 684 (1992). None of the offenses to which Mr. Holmes pleaded guilty in Kittitas County required proof of conduct for which he was prosecuted in Pacific County. The double jeopardy clause does not limit the imposition of a sentence in Kittitas County, whether it runs consecutively to or concurrently with sentences in Pacific County. *See Laviollette*, at 678.

Mr. Holmes' contention he should receive the same sentence as his partner in crime is without merit; there are substantial differences in their criminal histories.

Remanded for entry of findings, correction of the offender scores, and resentencing in accordance with this opinion.

SHIELDS, C.J., and THOMPSON, J., concur.