[No. 16467-1-II.    Division Two.    April 7, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD DWAIN REINHART, *Appellant*.

*James J. Sowder,* for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney,* and *John Salmon, Deputy,* for respondent.

SEINFELD, C.J. — Richard Reinhart appeals from his conviction of second degree burglary. He claims the trial court erred in calculating his offender score. He also challenges the admission of evidence of his prior convictions and the denial of his objection to the State's closing argument. We affirm the conviction and remand for further findings regarding the offender score.

## FACTS

The State charged Reinhart with one count each of burglary in the second degree and possession of stolen property in the first degree. A jury convicted Reinhart of the burglary offense and acquitted him of possession of stolen property. The trial court, after determining that Reinhart's offender score was 10 and his presumptive sentencing range was 51 to 68 months, imposed a standard range sentence of 60 months' confinement.

In calculating Reinhart's offender score, the trial court included a 1972 Clark County conviction for burglary; two 1974 Oregon convictions — one for arson and one for robbery; two 1986 convictions for first degree theft; and a 1989 conviction for felony harassment. It also considered three 1990

King County convictions — one each for second degree burglary, second degree malicious mischief, and felony harassment — as separate offenses.

On appeal, Reinhart claims that the trial court improperly included the 1972 Clark County conviction for burglary and the two 1974 Oregon convictions for robbery and arson in its calculations. He further claims that the three 1990 King County convictions should have been treated as one offense.

## I

Reinhart claims that the State failed to meet its burden of proof with regard to the 1972 Clark County burglary conviction because it did not prove that he was advised of his rights at the time he entered a guilty plea to that charge. This claim lacks merit. Except in two situations, not relevant here, the State is not required to prove the constitutional validity of prior convictions before they can be used for sentencing purposes. *State v. Ammons*, 105 Wn.2d 175, 187, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986); *see also* RCW 9.94A.110.

## II

Reinhart also claims the evidence was insufficient to establish the 1974 Oregon convictions. To prove the Oregon convictions, the State presented certified copies of the judgments and sentences. However, the documents were not signed by the court. As additional proof, the State submitted copies of the connected "Presentence Report"; the Oregon State Penitentiary "Sentence Data Record" showing the sentences and terms of parole; and a copy of Reinhart's FBI rap sheet which noted Reinhart's two Oregon convictions and the resulting prison sentences.

At sentencing, defense counsel objected to the use, but not to the accuracy, of the rap sheet. Relying upon *State v. Drummer*, 54 Wn. App. 751, 775 P.2d 981 (1989), Reinhart suggests that the trial court may not rely on a FBI rap sheet once the defendant has objected to its use.

Reinhart misreads *Drummer*. It did not flatly disallow the use of challenged rap sheets. Rather, it discussed the

potential for error "[i]f Drummer had challenged the accuracy of the information as to specific convictions" and the trial court had relied "on the rap sheet alone in the absence of [a] full evidentiary hearing". *Drummer*, at 757.

When a defendant challenges the validity of a prior conviction, the trial court must hold an evidentiary hearing. RCW 9.94A.370(2); *Drummer*, at 757. As public records, FBI rap sheets are admissible in such hearings under ER 803(a)(8). *Drummer*, at 757.

Here the trial court held an evidentiary hearing and considered multiple items of evidence. It then determined that the State had established the validity of the Oregon judgments by a preponderance of the evidence. The evidence before the trial court was sufficient for it to so find.

### III

Finally, Reinhart argues that the trial court erred in counting each of the three 1990 King County convictions separately in determining his offender score. He claims that the crimes all arose out of a single incident and, thus, the trial court should have counted them as one offense. RCW 9.94A.360(6)(a).

The trial court, relying on *State v. Blakey*, 61 Wn. App. 595, 811 P.2d 965 (1991), ruled that because the King County sentencing court did not find the offenses to be the same criminal conduct, the matter was res judicata that the crimes constituted separate offenses for sentencing purposes.[1] Consequently, it did not independently determine that the three 1990 offenses should be considered as separate criminal conduct.

The *Blakey* court held that a defendant cannot, at the time of sentencing on a current charge, challenge a prior sentenc-

---

[1]The judgment and sentence for the 1990 offenses contains under part "II. FINDINGS, 2.1 CURRENT OFFENSE(S)", the following statement, "(e) [box] Current offenses encompassing the same criminal conduct and counting as one crime in determining the offender score are (RCW 9.94A.400(1)(a)): _____".

Below the line is the statement, "(Current offenses not listed here are not encompassed)". In this case, the box and the underlined portion of 2.1(e) were blank.

ing court's decision regarding multiple offenses. *Blakey*, 61 Wn. App. at 599. It reasoned

> If a defendant cannot attack the constitutionality of a prior conviction without invoking one of the available avenues for relief from finality, it follows a fortiori that he cannot attack a nonconstitutional aspect of a conviction without doing likewise. In this case, the forgery court decided that the eight counts were not the same criminal conduct, and that decision, nonconstitutional so far as we can tell, became final. As far as the record shows, no avenue of relief from finality, if any, has ever been invoked. Thus, the escape court was obligated to follow the forgery court's decision, and its calculation of points was proper.

*Blakey*, 61 Wn. App at 599.

Reinhart urges us to reject the reasoning of *Blakey*, and to instead follow *State v. Lara*, 66 Wn. App. 927, 834 P.2d 70 (1992). In *Lara*, it appeared that the current sentencing court relied on the decision of the prior sentencing court that 10 separate forgery offenses should not be treated as the same criminal conduct for purposes of the offender score. After examining RCW 9.94A.360(6)(a), the *Lara* court concluded that the current court should make its own independent determination as to the application of the "same criminal conduct" standard. *Lara*, 66 Wn. App. at 930-31. Consequently, the *Lara* court remanded "for a statement of reasons and resentencing, if indicated". *Lara*, at 932. *See also In re Holmes*, 69 Wn. App. 282, 288-89, 848 P.2d 754 (1993).

RCW 9.94A.360(6)(a) provides,

> In the case of multiple prior convictions, for the purpose of computing the offender score, count all convictions separately, except:
>
> (a) Prior adult offenses which were found, under RCW 9.94A.400(1)(a), to encompass the same criminal conduct, shall be counted as one offense, the offense that yields the highest offender score. *The current sentencing court shall determine with respect to other prior adult offenses for which sentences were served concurrently whether those offenses shall be counted as one offense or as separate offenses* . . .[.]

(Italics ours.)

■ In *Blakey,* counsel did not argue the legislative directive contained in RCW 9.94A.360(6)(a). An appellate court

opinion that does not discuss a legal theory does not control a future case in which counsel properly raises that legal theory. *Berschauer/ Phillips Constr. Co. v. Seattle Sch. Dist. 1*, 124 Wn.2d 816, 824, 881 P.2d 986 (1994). Thus, we conclude that *Blakey* does not control the issue before us.

■ Although, as the *Lara* court noted, the language of RCW 9.94A.360(6)(a) may result in a defendant's having a lower offender score than he had at a previous sentencing hearing, the language of the statute appears clear and unambiguous in mandating that the current sentencing court determine whether to count prior offenses, served concurrently, as separate offenses. *See also State v. Wright*, 76 Wn. App. 811, 828-29, 888 P.2d 1214 (1995). The trial court did not make such a determination in this case. Thus, the appropriate remedy is remand for such determination, for the entry of findings, and if necessary for resentencing.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

HOUGHTON and BRIDGEWATER, JJ., concur.

Review denied at 127 Wn.2d 1014 (1995).