IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 29931-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTIAN VERN WILLIAMS, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — Christian Vern Williams appeals the sentencing court's decision to count his prior burglary and robbery convictions separately in calculating his offender score. He contends the court abused its discretion and misapplied the law by relying on the burglary antimerger statute, RCW 9A.52.050, and overlooking the same criminal conduct test, RCW 9.94A.525(5)(a)(i) and .589(1)(a). We hold as a matter of first impression that a current sentencing court lacks discretion to count prior convictions separately under the burglary antimerger statute and must do so, if at all, under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. Accordingly, we reverse and remand for resentencing.

## FACTS

In October 2010, a jury found Mr. Williams guilty of residential burglary and first degree trafficking in stolen property. The sentencing court calculated his offender score as seven by separately counting his April 2004 convictions for first degree burglary and first degree robbery, each of which he committed in December 2003. The court applied the burglary antimerger statute, apparently viewing it as mandatory, instead of applying the same criminal conduct test. Mr. Williams appealed. The sole remaining dispute after our commissioner's motion-on-the-merits ruling concerns Mr. Williams's offender score calculation. Because the trial court failed to conduct a same criminal conduct analysis as required by RCW 9.94A.525(5)(a)(i) and .589(1)(a), we reverse and remand for the trial court to perform that analysis.

## ANALYSIS

The issue is whether the sentencing court erred by deciding to count Mr. Williams's prior burglary and robbery convictions separately in calculating his offender score. He contends the court abused its discretion and misapplied the law in relying on the burglary antimerger statute to the exclusion of the same criminal conduct test.

We review a discretionary sentencing decision made under the SRA for abuse of discretion or misapplication of law. *State v. Elliott*, 114 Wn.2d 6, 17, 785 P.2d 440 (1990). A trial court abuses its discretion if its decision is "manifestly unreasonable," based on "untenable grounds," or made for "untenable reasons." *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971); *see State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) ("A decision is based on untenable grounds or made for

2

untenable reasons if it rests on facts unsupported in the record or was reached by applying the wrong legal standard. A decision is manifestly unreasonable if the court, despite applying the correct legal standard to the supported facts, adopts a view that no reasonable person would take, and arrives at a decision outside the range of acceptable choices." (citations omitted) (internal quotation marks omitted)). We interpret a statute de novo. *State v. Bright*, 129 Wn.2d 257, 265, 916 P.2d 922 (1996). In doing so, we "ascertain and carry out" our legislature's intent. *State v. Neher*, 112 Wn.2d 347, 350, 771 P.2d 330 (1989).

A current sentencing court must calculate an offender score based on an offender's "other current and prior convictions." RCW 9.94A.589(1)(a). If a prior sentencing court found multiple offenses "encompass the same criminal conduct," the current sentencing court must count those prior convictions as one offense. RCW 9.94A.525(5)(a)(i). If the prior sentencing court did not make this finding, but nonetheless ordered the offender to serve the sentences concurrently, the current sentencing court must independently evaluate whether those prior convictions "encompass the same criminal conduct" and, if they do, must count them as one offense. *Id.*; RCW 9.94A.589(1)(a); *State v. Torngren*, 147 Wn. App. 556, 563, 196 P.3d 742 (2008) ("A sentencing court . . . *must* apply the same criminal conduct test to multiple prior convictions that a court has not already concluded amount to the same criminal conduct. The court has no discretion on this." (citation omitted) (citing RCW 9.94A.525(5)(a)(i); *State v. Reinhart*, 77 Wn. App. 454, 459, 891 P.2d 735 (1995); *State v. Lara*, 66 Wn. App. 927, 931-32, 834 P.2d 70 (1992)), *abrogated on other grounds by*

3

*State v. Graciano*, 176 Wn.2d 531, 295 P.3d 219 (2013).[1] The offender bears the burden of proving offenses encompass the same criminal conduct. *Graciano*, 176 Wn.2d at 539.

Here, the prior sentencing court did not find Mr. Williams's 2004 burglary and robbery convictions encompass the same criminal conduct. But it nonetheless ordered him to serve his sentences concurrently.[2] Under these circumstances, the current sentencing court needed to apply the same criminal conduct test. *See* RCW 9.94A.525(5)(a)(i), .589(1)(a); *Torngren*, 147 Wn. App. at 563. It did not. While we think it doubtful that Mr. Williams met his burden of proof, we cannot decide this issue because the trial court failed to exercise discretion required under the same criminal conduct test. *See Lara*, 66 Wn. App. at 932 (remanding for resentencing because the trial court failed to exercise discretion required under the portion of former RCW 9.94A.360(6)(a) (1988) our legislature later amended to incorporate the same criminal conduct test); *State v. Wright*, 76 Wn. App. 811, 829, 888 P.2d 1214 (1995) (same);

---

[1] Prior convictions encompass the same criminal conduct if they "require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a); *see* RCW 9.94A.525(5)(a)(i). Whether offenses involve the same criminal intent depends on "the extent to which the criminal intent, as objectively viewed, changed from one crime to the next." *State v. Dunaway*, 109 Wn.2d 207, 215, 743 P.2d 1237, 749 P.2d 160 (1987). This analysis considers "whether one crime furthered the other," *id.*, or the two were "part of a recognizable scheme or plan." *State v. Lewis*, 115 Wn.2d 294, 302, 797 P.2d 1141 (1990). If any of these statutory elements are missing, the trial court must count the offenses separately in calculating an offender score. *State v. Lessley*, 118 Wn.2d 773, 778, 827 P.2d 996 (1992).

[2] In arguing to the current sentencing court, the parties noted the 2004 sentencing court did not check the same criminal conduct box on Mr. Williams's judgment and sentence but imposed concurrent imprisonment terms totaling 78 months.

*Reinhart*, 77 Wn. App. at 459 (same); *State v. McCraw*, 127 Wn.2d 281, 287-88, 898 P.2d 838 (1995) (approving *Lara*, *Wright*, and *Reinhart*).

Instead of applying the same criminal conduct test, the current sentencing court relied solely on the burglary antimerger statute, which provides, "Every person who, in the commission of a burglary shall commit any other crime, may be punished therefore as well as for the burglary, and may be prosecuted for each crime separately." RCW 9A.52.050. In *State v. Lessley*, 118 Wn.2d 773, 779-82, 827 P.2d 996 (1992), our Supreme Court held this statute grants a current sentencing court discretion, in calculating an offender score, to count current burglary and non-burglary convictions separately even if they encompass the same criminal conduct.[3] We are unaware of any reported decision extending this holding to a current sentencing court's treatment of prior convictions.[4] Therefore, we must interpret the statute.

Certainly, if a person commits a burglary simultaneously with another crime, the statute allows the State to separately "prosecute[]" both current offenses. RCW 9A.52.050. If a judge or jury then finds the defendant guilty, the statute allows a current sentencing court to separately "punish[]" both current convictions, including by counting them separately in calculating an offender score. *Id.*; *Lessley*, 118 Wn.2d at 779-82. But the statute provides no direction to a later sentencing court regarding how it may

---

[3] Relying on the State's arguments, the current sentencing court apparently believed the burglary antimerger statute required it to count Mr. Williams's 2004 convictions separately. To the extent the court viewed applying the statute as mandatory, it erred.

[4] Our Supreme Court declined to reach this issue in *In re Pers. Restraint of Connick*, 144 Wn.2d 442, 464, 28 P.3d 729 (2001).

treat prior convictions.

We hold the burglary antimerger statute's plain language applies solely to current offenses before a current sentencing court. Our interpretation comports with logic. While sentences must be proportionate to criminal history, our legislature has designed them to punish current, not prior offenses. *See* RCW 9.94A.010(1); LAWS OF 2002, ch. 107, § 1 ("[T]he provisions of the [SRA] act upon and punish only current conduct; the [SRA] does not act upon or alter the punishment for prior convictions." (citing *In re Pers. Restraint of Williams*, 111 Wn.2d 353, 362-64, 759 P.2d 436 (1988))). And, our legislature has established the SRA, not the burglary antimerger statute, as the proper means for ensuring sentences are proportionate to criminal history. *Compare* RCW 9.94A.010(1), *with* RCW 9A.04.020. *See generally* RCW 9.94A.030(11), .500(1), .525-.530; LAWS OF 2008, ch. 231, § 1.

Applying this interpretation, we conclude the current sentencing court erred by relying on the burglary antimerger statute to count Mr. Williams's 2004 burglary and robbery convictions separately in calculating his offender score. Instead, the court needed to apply the same criminal conduct test. Because the court applied the wrong legal standard, it exercised its discretion on untenable grounds or reasons. Therefore, the court abused its discretion and misapplied the law.

6

No. 29931-7-III
*State v. Williams*

Reversed and remanded for resentencing.

_____
Brown, J.

I CONCUR:

_____
Siddoway, A.C.J.

7

No. 29931-7-III

KORSMO, C.J. (dissenting) —The majority opinion runs afoul of *State v. Lessley*, 118 Wn.2d 773, 827 P.2d 996 (1992), which is an adequate basis to reject appellant's position. More fundamentally, even while properly acknowledging that it was his burden to establish that the 2004 crimes constituted the same criminal conduct, the opinion overlooks the fact that Mr. Christian Williams never attempted to meet the burden. The sentence should be affirmed.

As to the latter point first, *State v. Graciano*, 176 Wn.2d 531, 539, 295 P.3d 219 (2013), clearly places the burden on Mr. Williams to establish that the 2004 crimes constituted the same criminal conduct. At sentencing, the prosecutor presented the 2004 judgment and sentence for the purpose of showing that Judge Baker had not found the burglary and robbery convictions to be the same criminal conduct and had used an offender score of "3" for each offense even though there were only two prior convictions. Mr. Williams thereafter did not present argument suggesting that the two crimes occurred at the same time and place or that they involved the same victim(s) and the same criminal intent; rather, he argued that it was unclear how Judge Baker had treated them.[1] There

_____

[1] The defense's confusion was understandable because the 2004 offender score of "3" was not possible for the first degree robbery offense under any scenario. In sentencing that offense, the two prior crimes each scored one point and the current first degree burglary would be worth two points, resulting in an offender score of "4" unless the burglary was not counted at all, which would mean the score was "2." Former RCW 9.94A.525(8) (2003). The first degree burglary score could have been "3" if the robbery

simply was no evidence presented, nor any argument made, that the two offenses somehow satisfied the RCW 9.94A.589(1) standard.[2]

Since the defense failed to meet its burden, *Graciano* requires rejection of the argument and there is no need to discuss the burglary anti-merger statute and its application to this case. Nonetheless, since the majority desires to address the statute, I, will do so too, although in a rather cursory manner. The short answer to the majority's position is that *Lessley* faced the same ultimate task as what the trial court faced here – application of the same criminal conduct test of *State v. Dunaway*, 109 Wn.2d 207, 215, 749 P.2d 160 (1987), and RCW 9.94A.589(1). The fact that the test has to be applied to the prior offenses in this case does not make it significantly different than *Lessley*, which had to apply that statute to current offenses. The trial judge in both instances had the same duty to look at whether the offenses constituted the same criminal conduct issue. In *Lessley* our court decided that the anti-merger statute could be applied to essentially trump the need to look at same criminal conduct as it related to the burglary offense.

---

was treated as same criminal conduct because the prior burglary counted two points and the drug conviction counted one point. If the robbery had counted, it would have resulted in an offender score of "5" for the offense. Former RCW 9.94A.525(10) (2003).

[2] Curiously, the majority repeatedly mentions that the 2004 offenses were served concurrently as if that is a fact of consequence to the issue at hand in this proceeding. Since they were sentenced at the same time, they needed to be served concurrently. RCW 9.94A.589(1). The information does not inform on the question of whether they are the same criminal conduct.

No. 29931-7-III
State v. Williams

There is no way to meaningfully distinguish this case. If it was permissible in *Lessley*, it had to be permissible here.[3] Since this court lacks the power[4] to overturn *Lessley*, the trial judge could properly apply the anti-merger statute to the 2004 crimes.[5]

This case should be affirmed for the simple reason that Mr. Williams never attempted to meet his burden under *Graciano* and therefore the alleged legal error is simply not relevant. If we reach the same criminal conduct issue, however, this case cannot be meaningfully distinguished from *Lessley* and the trial judge did not err in applying the anti-merger statute to the prior offenses.

For both reasons, I respectfully dissent.

Korsmo, C.J.

---

[3] Even appellant's counsel recognizes that the anti-merger statute could be applied to prior offenses. *See* Br. of Appellant at 9. The majority cites no authority suggesting the statute was inapplicable.

[4] *E.g.*, *State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984).

[5] It is unclear from my reading of the judge's ruling whether he actually did apply the anti-merger statute to the 2004 convictions since that discussion appears during the analysis of the same criminal conduct argument relating to the two current offenses. However, both parties read the transcript as if the judge did do so; that is a plausible interpretation.

3