FILED
COURT OF APPEALS
DIVISION II

2015 FEB 18 AM 9: 22

STATE OF WASHINGTON

DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45473-4-II |
| Respondent, | |
| v. | |
| CHANARA SOEUN, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Chanara Soeun appeals his sentence following his conviction for second degree robbery. Soeun argues that the trial court incorrectly calculated his offender score because three of his prior convictions should have been considered the same criminal conduct. We hold that the trial court did not abuse its discretion by scoring Soeun's three prior convictions separately for the purpose of calculating Soeun's offender score and Soeun's sentence. Therefore, we affirm.

## FACTS

A jury found Soeun guilty of second degree robbery.[1] Soeun's criminal history included four juvenile convictions and adult convictions for first degree robbery, third degree assault, and first degree theft. The adult robbery, assault, and theft convictions resulted from a single incident. Soeun does not dispute the existence of his prior convictions.

---

[1] Soeun does not challenge his conviction for second degree robbery and his same criminal conduct argument is based on three prior convictions. Therefore, the facts underlying his conviction are unnecessary for resolving Soeun's appeal.

At sentencing, the State argued that Soeun's offender score should be calculated at 6. The State reached its calculation by counting a half point for each juvenile conviction (2 points), 2 points for the first degree robbery conviction, 1 point for the third degree assault, and 1 point for the first degree theft. Soeun argued that his offender score should be calculated at 4 because the robbery, assault, and theft convictions were the same criminal conduct and should be counted as 2 points (scored for the robbery).

Soeun presented the trial court with the information, probable cause statement, jury instructions, verdict forms, and judgment and sentence for the robbery, assault, and theft charges. The State presented the trial court with our opinion affirming Soeun's prior adult robbery, assault, and theft convictions. In that opinion, we recited the underlying facts of Soeun's prior robbery, assault, and theft convictions as follows:

> On June 11, 2006, Eli and Carrie Adamson left their residence in a relative's truck to buy hardwood flooring at a hardware store. After they left, Chanara Soeun stole the Adamsons' white Honda Accord parked in their driveway. A neighbor watched Soeun steal the car and called the Adamsons on their cellular phone. Carrie Adamson turned the truck around, while Eli Adamson spoke with police on their cellular phone.
>
> On their way home, the Adamsons passed Soeun driving their Honda towards them in the opposite lane. Carrie Adamson turned the truck around again, followed Soeun into a cul-de-sac, and pulled the truck up next to the white Honda when Soeun parked it in front of his residence. Eli Adamson got out of the truck, yelled at Soeun to get out of the car, pulled open the driver's side door, and grabbed Soeun by his hair. Soeun shifted the Honda into reverse and stepped on the gas pedal.
>
> The moving Honda pulled Eli Adamson under it and ran over his ankle while he managed to pull Soeun from the driver's seat and out of the car. The Honda made two revolutions in reverse, running over Eli Adamson's torso and coming to a stop when it hit a telephone pole. Soeun fled the scene.

*State v. Soeun*, noted at 146 Wn. App. 1033, 2008 WL 3319819.

After reviewing all the information, the trial court found that the prior convictions had been charged as three separate and distinct acts, and that the jury found Soeun guilty of three separate distinct acts. And, the trial court noted that, without additional information, it could not come to a different result. The trial court calculated Soeun's offender score at 6 and imposed a standard range sentence. Soeun appeals.

## ANALYSIS

Soeun argues that the trial court erred by determining that his prior adult robbery, assault, and theft convictions did not constitute the same criminal conduct, and that the trial court should have calculated his offender score as 4 rather than 6. We hold that Soeun failed to meet his burden to prove that his prior convictions were the same criminal conduct. Thus, the trial court did not abuse its discretion by determining that Soeun's prior convictions were not the same criminal conduct.

All of a defendant's prior convictions are counted separately unless some or all of the prior convictions are the same criminal conduct. RCW 9.94A.589(1)(a). Prior convictions are the same criminal conduct if the convictions required the same criminal intent, were committed at the same time and place, and involved the same victim. RCW 9.94A.589(1)(a). If a prior sentencing court found that the convictions were the same criminal conduct, then the current sentencing court must count them as one offense. *State v. Williams*, 176 Wn. App. 138, 141, 307 P.3d 819 (2013), *aff'd*, 181 Wn.2d 795 (2014). However, if a prior sentencing court did not make a same criminal conduct finding, then the current sentencing court must determine whether the prior convictions are the same criminal conduct. *Williams*, 176 Wn. App. at 141. We review the trial court's same criminal conduct finding for a "'clear abuse of discretion or misapplication of the law.'" *State v. Haddock*,

141 Wn.2d 103, 110, 3 P.3d 733 (2000) (quoting *State v. Elliott*, 114 Wn.2d 6, 17, 785 P.2d 440, *cert. denied*, 498 U.S. 838 (1990)).

Because a same criminal conduct finding lowers the defendant's presumed offender score, the defendant bears the burden to prove that his prior convictions are the same criminal conduct. *State v. Graciano*, 176 Wn.2d 531, 540, 295 P.3d 219 (2013). If the defendant fails to prove any of the three statutory elements, the defendant has failed to meet his burden to prove his prior convictions are the same criminal conduct. *Graciano*, 176 Wn.2d at 540. If the record before the sentencing court "supports only one conclusion on whether crimes constitute the 'same criminal conduct,' a sentencing court abuses its discretion in arriving at a contrary result." *Graciano*, 176 Wn.2d at 537-38. However, when the record supports either result or the record is unclear, the trial court does not abuse its discretion by refusing to enter a same criminal conduct finding. *Graciano*, 176 Wn.2d at 538, 541.

Here, the court that sentenced Soeun on the prior adult robbery, assault, and theft convictions did not make a same criminal conduct finding; therefore, the current trial court properly conducted a determination of whether Soeun's prior convictions were the same criminal conduct. The only evidence the trial court had regarding the facts of the prior case was the statement of facts from our opinion and the probable cause statement from the original charging document, both of which were consistent. The trial court noted that it did not have the trial record to make a more accurate determination. Based on the information before it, the trial court determined that the prior convictions were based on acts that were separate and distinct. Soeun argues to the contrary. However, the record before the trial court can support either conclusion

under the same criminal conduct analysis. Therefore, the trial court did not abuse its discretion by not making a same criminal conduct finding.

A theft becomes a robbery if force is used while effectuating escape because the taking of property is considered ongoing until the defendant has completed his escape. *State v. Truong*, 168 Wn. App. 529, 535-36, 277 P.3d 74, *review denied*, 175 Wn.2d 1020 (2012); *see also State v. Handburgh*, 119 Wn.2d 284, 293, 830 P.2d 641 (1992) (using force against the property owner to retain property initially taken outside the property owner's presence is robbery). The facts of the prior convictions before the trial court can support a determination that the theft was completed when Soeun parked the car in front of his residence. Soeun stole the car, obtained exclusive possession, drove it away, and parked the car in front of his house. The facts of the prior convictions also can support a determination that after Soeun completed the theft by parking the car in front of his own residence, Adamson approached the car, pulled Soeun by the hair, and Soeun used force to retain possession of the car. Therefore, because the facts of the prior convictions before the trial court can support either conclusion—that the convictions were based on separate acts or were the same criminal conduct—the trial court did not abuse its discretion by not making a same criminal conduct finding.

In addition, the record is unclear whether the prior convictions support the conclusion that the robbery and assault involved the same criminal intent. The underlying facts before the trial court show that Soeun attempted to retain possession of the car by shifting the car in reverse and stepping on the gas pedal. The underlying facts in the record also show that a struggle ensued between Adamson and Soeun and that Soeun was pulled out of the car by Adamson. However, the record is unclear whether the car ran over Adamson while Soeun was still in the car trying to

escape from Adamson or whether the car ran over Adamson after Soeun had been pulled out of the car. Because the record is unclear, the trial court did not abuse its discretion by finding Soeun's adult robbery and assault convictions did not constitute the same criminal conduct.

Here, the record before the trial court is unclear. At best, the facts before the trial court could support either result under a same criminal conduct analysis. Therefore, we hold that Soeun did not meet his burden to prove same criminal conduct, and the trial court did not abuse its discretion by not making a same criminal conduct finding. Because the trial court did not abuse its discretion by not entering a same criminal conduct finding, the trial court correctly calculated Soeun's offender score at 6. Soeun's challenge to the calculation of his offender score fails.

We affirm.

A majority of the panel determining that this opinion will not be published in the Washington Appellate Report, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Johanson, C.J.

Maxa, J.

6