IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32324-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | Division Three |
| v. | ) | |
| | ) | |
| DREW ANTHONY ZISSEL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — The burglary antimerger statute, RCW 9A.52.050, grants a

sentencing court discretion to punish for burglary even when the burglary and a

concurrent offense encompass the same criminal conduct. *State v. Lessley*, 118 Wn.2d

773, 781, 827 P.2d 996 (1992). A jury convicted Drew Anthony Zissel of first degree

robbery and first degree burglary. The trial court applied the antimerger statute and

sentenced Zissel to concurrent sentences totaling 54 months. At sentencing, Zissel did

not object to the application of the statute.

On appeal, Drew Anthony Zissel contends the trial court erred when failing to

count the two offenses as one crime when calculating his offender score. Zissel also

contends he suffered ineffective assistance of trial counsel because his defense counsel

failed to correct the trial court's sentencing error and the prosecutor's misstatement of the

law. We hold that Zissel did not preserve the challenge of his offender score and does not

show ineffective assistance of counsel. We affirm his sentence.

## FACTS

Drew Anthony Zissel crawled through the window of a Yakima County drive-

through coffee stand, assaulted the barista, and stole money from the safe.

## PROCEDURE

A jury convicted Drew Zissel of first degree robbery and first degree burglary.

Because first degree robbery and first degree burglary are violent offenses, each counts as

two points in the offender score. RCW 9.94A.030(54)(a)(i); RCW 9.94A.525(8); RCW

9.94A.589(1)(a). Zissel had no prior criminal convictions.

At Drew Anthony Zissel's sentencing hearing, the trial court used an offender

score of two for each conviction, resulting in a presumptive sentence range of 41 to 54

months for the robbery and 26 to 34 months for the burglary. RCW 9.94A.510; RCW

9.94A.515. The State requested the high end of the range on each count. Zissel's counsel

addressed the trial court and showed confusion regarding the sentences for violent crimes:

2

The Court is probably aware that there's an anti-merger statute there that is [inaudible on tape—muffled]. These are consecutive sentences and this—in addition to that the burglary charge is a class A felony and there is a very small amount of time for good behavior on that, ten percent.

If you think that a forty-one month sentence on the burglary and twenty-six month sentence consecutive is a substantial and very, very, very huge amount of time. Obviously Mr. Zissel will have a great deal of time to think but I—

THE COURT: Well, I—I don't think that they run consecutively. I mean, they run concurrently but they count against each other even though they are the same criminal conduct. Am I correct in that regard [deputy prosecutor] Ramm?

MR. RAMM: You are correct Your Honor.

THE COURT: Okay.

MR. RAMM: And they're violent offenses as opposed to serious violent and I don't think they have the same good time limitation of—of ten percent that serious violent has.

Report of Proceedings (RP) at 582-83.

During sentencing, the trial court noted the violent nature of the crimes and applied

the burglary antimerger statute:

I am going to impose the top of the range here. As to Count I—fifty-four months and as to Count II—thirty-four months for a total sentence of fifty-four months. The burglary anti-merger statute operates in this particular instance to—although the—under the Sentencing Reform Act these two convictions would normally be considered the same criminal conduct and would not count one against the other[,] the burglary anti-merger statute causes them to count one against the other and consequently Mr. Zissel's offender score is—is elevated by that—by that arithmetic.

RP at 585.

3

No. 32324-2-III
*State v. Zissel*

## LAW AND ANALYSIS

### Offender Score

For the first time on appeal, Drew Anthony Zissel argues that the trial court erred in counting the robbery in the offender score after allegedly finding that the robbery and burglary encompassed the same criminal conduct. Generally an issue that was not raised at trial may not be raised for the first time on appeal. *State v. Nitsch*, 100 Wn. App. 512, 519, 997 P.2d 1000 (2000); RAP 2.5(a). Because a sentencing court acts without statutory authority when it bases a sentence on a miscalculated offender score, however, a challenge of the offender score calculation may be allowable for the first time on appeal. *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 873-74, 50 P.3d 618 (2002); *State v. Ross*, 152 Wn.2d 220, 229, 95 P.3d 1225 (2004). The critical question is whether the alleged error is a legal error or whether it involves disputed facts or a matter of trial court discretion. *Goodwin*, 146 Wn.2d at 874.

When an offender has multiple current offenses, the sentence range for each current offense generally is determined by counting all other current and prior convictions as if they were prior convictions. RCW 9.94A.525(5)(a); RCW 9.94A.589(1)(a). Under RCW 9.94A.589(1)(a), if, however, some or all of the current offenses encompass the same criminal conduct, those offenses are counted as one crime in the offender score.

4

RCW 9.94A.589(1)(a), in turn, yields to the burglary antimerger statute, which states that "[e]very person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately." RCW 9A.52.050; *State v. Williams*, 181 Wn.2d 795, 799, 336 P.3d 1152 (2014).

A trial court's decision whether or not to apply the burglary antimerger statute involves an exercise of discretion. *State v. Lessley*, 118 Wn.2d at 781 (1992). Likewise, application of the same criminal conduct statute involves factual determinations and the exercise of judicial discretion. *Nitsch*, 100 Wn. App. at 523. Here, defense counsel apparently accepted the fact that the burglary antimerger statute applied and did not object to the trial court's decision to treat the two crimes separately under the antimerger statute even though they encompassed the same criminal conduct. Because the trial court's decision involved factual determinations and the exercise of discretion, defense counsel's failure to object did not preserve the alleged error for appeal. *Goodwin*, 146 Wn.2d at 874-75; *Nitsch*, 100 Wn. App. at 523.

EFFECTIVENESS OF COUNSEL

Drew Anthony Zissel next contends his trial counsel was ineffective because counsel did not correct the trial court's alleged sentencing error and did not challenge the

5

prosecutor's agreement with the trial court's alleged misstatement of the law.

To prevail on a claim of ineffective assistance of counsel, Drew Zissel must show that his counsel's performance was deficient and that the deficiency prejudiced him. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). We presume counsel is effective, and Zissel must show there was no legitimate reason for his attorney's actions. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). He proves neither deficient performance nor prejudice.

According to Drew Zissel, the trial court erred in treating the burglary and robbery separately after finding that they encompassed the same criminal conduct. Zissel also contends the prosecutor erroneously agreed with the judge that the current convictions would count against each other. These assertions are incorrect. The trial court exercised its discretion within the law when he applied the burglary antimerger statute to punish each crime separately even though the offenses encompassed the same criminal conduct. RCW 9A.52.050; *Lessley*, 118 Wn.2d at 781. Defense counsel had no legitimate reason to challenge the trial court or the prosecutor, and any challenge would have failed. Thus, Zissel's claim of ineffective assistance of counsel fails.

6

CONCLUSION

We affirm Drew Anthony Zissel's sentence.

A majority of the panel has determined that this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Brown, A.C.J.

_____
Lawrence-Berrey, J.

7