IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36452-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LAJUANE A. ROBERSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Lajuane Roberson appeals his convictions for first degree burglary, first degree rape, and tampering with a witness, arguing that the court erred by admitting his statements and that his counsel provided ineffective assistance at sentencing. We affirm.

FACTS

A.B. lived in a third floor apartment in Spokane. She woke one night to a masked man standing over her; he choked her to unconsciousness, sexually assaulted her, and fled. A.B.'s child saw the man leave. A rape examination revealed semen; DNA testing determined that it belonged to Mr. Roberson. A.B. recognized Roberson's picture in a photo montage.

Law enforcement arrested Mr. Roberson.  From jail, he wrote an ex-girlfriend a letter asking her to provide him an alibi.  Based on that communication, the prosecutor filed the noted charges.  The matter proceeded to a jury trial in the Spokane County Superior Court.

At trial, the State sought to admit a statement through Ms. Sanfilippo, the woman in whose house Mr. Roberson had lived.  She had overheard Roberson claim that he robbed a place but he did not need to rape anyone.  The statement was made after A.B. was raped, but before Mr. Roberson's arrest.  The defense objected on ER 403 grounds that the statement could refer to his prior offenses, but the court admitted the statement.

Mr. Roberson testified that he had a consensual encounter with A.B.  Nonetheless, the jury convicted Mr. Roberson on all charges.

At sentencing, the defense presented numerous family and community members to ask the court for a merciful sentence.  The defense also had no objections to the pre-sentence investigation (PSI).  His counsel noted Mr. Roberson was young and highlighted Mr. Roberson's positive character witnesses.

Mr. Roberson's offender score was a 10 due to three prior second degree burglary convictions as well as convictions for felony malicious mischief and theft.  The malicious mischief, theft, and one burglary charge occurred on the same day.  The trial judge expressed concern over Mr. Roberson's escalating criminal history, a concern shared by

the PSI. Recognizing his difficult childhood and impulsivity, the court nonetheless imposed a high end standard range sentence.

Mr. Roberson timely appealed to this court. A panel considered his appeal without conducting argument.

ANALYSIS

This appeal presents challenges to the admission of the statement reported by Ms. Sanfilippo and to counsel's performance at sentencing. We address the two arguments in the order listed.

*ER 403*

Mr. Roberson first argues that his statement should have been excluded as unduly prejudicial. ER 403. The trial court did not abuse its discretion.

Trial judges have great discretion with respect to the admission of evidence and will be overturned only for manifest abuse of that discretion. *State v. Luvene*, 127 Wn.2d 690, 706-707, 903 P.2d 960 (1995). Discretion is abused where it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Evidence is relevant if it makes "the existence of any fact that is of consequence to the determination of the action more probable or less probable." ER 401. Relevant evidence is generally admissible at trial, but can be excluded where its value is outweighed by other considerations such as undue prejudice. ER 402; ER 403.

ER 403 is designed to exclude prejudicial evidence that is meant to elicit an emotional response from jurors. *State v. Barry*, 184 Wn. App. 790, 801-802, 339 P.3d 200 (2014). The rule primarily applies when evidence has limited probative value. *Carson v. Fine*, 123 Wn.2d 206, 223-224, 867 P.2d 610 (1994). Courts differentiate between evidence that prejudices a defendant because it is highly probative to guilt and evidence that has limited relevance accompanied by unrelated, overwhelming prejudice. *State v. Johnson*, 185 Wn. App. 655, 671-672, 342 P.3d 338 (2015).

The statement related by Ms. Sanfilippo was highly relevant and probative because it tied Mr. Roberson to a burglary and rape during the appropriate time period. The statement did not suggest the existence of other crimes or otherwise inject prejudicial outside matters into the case. The trial court had tenable reasons for admitting the evidence. There was no abuse of discretion.

*Ineffective Assistance of Counsel*

Mr. Roberson also argues that his attorney rendered ineffective assistance at sentencing by failing to argue youth as a mitigating factor and by not challenging the offender score calculation. His arguments lack factual basis.

We consider ineffective assistance of counsel claims using well settled standards. A strategic or tactical decision is not a basis for finding error. *Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Courts evaluate counsel's performance using a two-prong test that requires determination as to whether or

not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id*. at 690-692. When a claim fails one prong, a reviewing court need not consider both *Strickland* prongs. *Strickland*, 466 U.S. at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007). If the necessary evidence is not in the record, the claim cannot be addressed on direct appeal. *State v. McFarland*, 127 Wn.2d 322, 334, 899 P.2d 1251 (1995). A personal restraint petition is the appropriate method to present new evidence. *Id*. at 335.

Sentencing ranges do not always account for the immaturity of youth. *State v. Houston-Sconiers*, 188 Wn.2d 1, 23-24, 391 P.3d 409 (2017). An exceptional sentence may be available to a youthful offender whose offense bears the hallmarks of youth—lack of maturity, impetuous or ill-considered actions and decisions, susceptibility to peer pressure, and transitory character traits. *State v. Gregg*, 9 Wn. App. 2d 569, 574-575, 444 P.3d 1219 (2019) (citing *Roper v. Simmons*, 543 U.S. 551, 569, 125 S. Ct. 1183, 161 L. Ed. 2d 1 (2005)). To receive a mitigated sentence, a defendant must demonstrate he is less culpable because of his age and immaturity. *State v. Moretti*, 193 Wn.2d 809, 824, 446 P.3d 609 (2019).

Mr. Roberson argues that his attorney failed to raise his immaturity as a mitigating factor at sentencing. He cannot show from the record that his counsel had a reasonable argument that he was less culpable for his current offenses due to immaturity. These crimes do not reflect impulsiveness; instead, they suggest planning and sophistication.

The PSI indicated that Mr. Roberson might have some mental health deficits, but did not suggest that those contributed to the offenses. There was simply no evidence that a third story break-in and rape were impulsive acts that reflected immaturity. In light of Mr. Roberson's theory of the case, immaturity also was an unlikely argument to make at sentencing.

The argument was also unlikely to be persuasive with the trial court since the judge specifically found Mr. Roberson engaged in increasingly serious criminal activity despite his age and cited the escalating behavior as a reason for a high-end sentence. On this record, there is no reason to believe that counsel erred by failing to raise an immaturity claim or that Mr. Roberson was prejudiced by the absence of such an argument.

His remaining contention is that counsel should have argued that the rape and burglary constituted the same criminal conduct and three of his previous offenses also should have been considered the same criminal conduct. Again, the record does not support the argument.

The defendant bears the burden of showing prior offenses constitute same criminal conduct. *State v. Phuong*, 174 Wn. App. 494, 547-548, 299 P.3d 37 (2013). Same criminal conduct exists when two or more crimes share the same criminal intent, occurred at the same time and location, and involved the same victim. RCW 9.94A.589(1)(a). Defense counsel may be ineffective for failing to present this argument if it would likely

6

lower the defendant's sentence. *Phuong*, 174 Wn. App. at 547. This court can examine the record to ascertain whether there was a reasonable probability the court could have found similar criminal conduct. *State v. Saunders*, 120 Wn. App. 800, 824-825, 86 P.3d 232 (2004). However, that cannot occur unless there is a sufficient record to assess the claim. *Phuong*, 174 Wn. App. at 547-548; *State v. Brown*, 159 Wn. App. 1, 16-17, 248 P.3d 518 (2010).

Even when burglary and another offense constitute same criminal conduct, the sentencing judge has discretion whether to treat the current offenses as separate offenses. RCW 9A.52.050. Counsel is not ineffective for failing to argue same criminal conduct in this context. *State v. Bradford*, 95 Wn. App. 935, 950-951, 978 P.2d 534 (1999). The antimerger statute is not applicable to the scoring of earlier burglary convictions. *State v. Williams*, 181 Wn.2d 795, 801, 336 P.3d 1152 (2014).

Due to the existence of the antimerger statute, counsel was not ineffective for declining to make the argument that the two current offenses should be treated as one. *Bradford*, 95 Wn. App. 935. With respect to the three older crimes, there is no factual basis for determining whether the three offenses satisfied the same criminal conduct standard of RCW 9.94A.589(1). The fact that the original trial judge did not make a same criminal conduct determination is also reason to suspect that there was no evidentiary basis for making the finding on this occasion. If there is evidence to support the argument, it must be presented in a personal restraint petition.

Mr. Roberson has not established that his counsel erred, let alone that he was prejudiced by the alleged error. He has not shown that counsel rendered ineffective assistance.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, C.J.