# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  58062-4-II |
| Respondent, | |
| v. | |
| THOMAS LOEL PLEASANT, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Thomas L. Pleasant appeals his sentence for first degree robbery.  The State concedes that the superior court erred when calculating Pleasant's offender score and this case should be remanded for resentencing.  We accept the State's concession, reverse Pleasant's sentence, and remand for resentencing.[1]

### FACTS

In 2016, Pleasant pleaded guilty to first degree robbery and second degree assault, crimes he committed in 2008.  Pleasant was sentenced to life without the possibility of early release as a persistent offender.[2]  On appeal, this court held that the superior court did not have authority to enter judgment on the second degree assault conviction because the statute of limitations had run.

---

[1] Pleasant also argues that the crime victim penalty assessment and community custody supervision fees should be stricken from his judgment and sentence.  Because we reverse and remand for resentencing, any legal financial obligations can be addressed at resentencing.  Accordingly, we do not address these arguments further.

[2] *See* RCW 9.94A.570.

*State v. Pleasant*, No. 48950-3-II, slip op. at 7 (Wash. Ct. App. Mar. 5, 2019).[3] This court remanded for Pleasant to either waive the statute of limitations and take the benefit of his plea, or withdraw his plea agreement. *Id*. at 9.

On remand, Pleasant again pleaded guilty to first degree robbery and second degree assault. Based on Pleasant's criminal history, his offender score was calculated at more than nine points. The superior court found that Pleasant had committed multiple current offenses and Pleasant's high offender score resulted in one of the current offenses going unpunished. Accordingly, the superior court imposed an exceptional sentence of 25 years' confinement.[4]

Pleasant appealed again. *State v. Pleasant*, No. 53832-6-II, slip op. at 2 (Wash. Ct. App. June 8, 2021) (*Pleasant II*).[5] This court held that Pleasant's second degree assault conviction had to be vacated because it merged with Pleasant's first degree robbery conviction. *Id*. at 6. Accordingly, this court vacated Pleasant's second degree assault conviction and remanded for yet another resentencing. *Id*. at 6.

During the resentencing hearing, Pleasant's defense counsel reviewed Pleasant's criminal history with him and explained to both Pleasant and the superior court that Pleasant's prior convictions for burglary and robbery were counted separately because of the burglary antimerger

---

[3] https://www.courts.wa.gov/opinions/pdf/D2%2048950-3-II%20Unpublished%20Opinion.pdf.

[4] At this resentencing, the State noted that Pleasant had been previously sentenced as a persistent offender based on Pleasant's stipulation that he had two prior strike offenses. But the State conceded that it could not prove that Pleasant had two prior strike offenses, and thus, Pleasant could not be sentenced as a persistent offender.

[5] https://www.courts.wa.gov/opinions/pdf/D2%2053832-6-II%20Unpublished%20Opinion.pdf.

statute.[6]  The superior court agreed that, under the burglary antimerger statute, the convictions for first degree burglary and first degree robbery should be counted separately.  Ultimately, Pleasant stipulated to his criminal history and calculation of his offender score.

As a result, Pleasant's offender score was calculated at 10 points based on the following prior convictions: a 1988 first degree robbery; a 2008 first degree robbery with a deadly weapon enhancement committed July 19, 2008; a 2008 first degree burglary with a deadly weapon enhancement committed July 19, 2008; a 2008 first degree robbery committed July 24, 2008; and a 2008 first degree robbery committed July 29, 2008.[7]  The superior court imposed a high-end, standard range sentence of 171 months' confinement.

Pleasant appeals.

ANALYSIS

Pleasant argues that he received ineffective assistance of counsel because his defense counsel mistakenly believed that the burglary antimerger statute prevented Pleasant's prior convictions for first degree burglary and first degree robbery committed on July 19, 2018, from being counted as the same criminal conduct for the purposes of calculating his offender score.  The State concedes that the burglary antimerger statute does not prevent the superior court from considering whether Pleasant's prior convictions for first degree burglary and first degree robbery should be counted as the same criminal conduct.  The State further concedes that remand for

---

[6] RCW 9A.52.050.

[7] All of the 2008 convictions were sentenced on the same day.

resentencing is appropriate. We accept the State's concession, reverse Pleasant's sentence, and remand to the trial court for resentencing.[8]

The burglary antimerger statute, RCW 9A.52.050, provides, "Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately." However, the burglary antimerger statute only applies to sentencing current offenses; it does not apply when determining whether prior convictions are the same criminal conduct for the purposes of calculating a defendant's offender score. *State v. Williams*, 181 Wn.2d 795, 800, 336 P.3d 1152 (2014).

When calculating a defendant's offender score, the superior court should instead apply the same criminal conduct test in RCW 9.9A.589(1)(a).[9] *Id*. at 800-01. Thus, a superior court commits error if it exclusively uses the burglary antimerger statute to count two prior convictions separately for the purposes of calculating an offender score. *See id*. at 801 (holding "the burglary antimerger statute does not obviate the need for a sentencing court to examine whether prior convictions constitute the same criminal conduct" under the sentencing statutes).

Here, at the urging of defense counsel, the superior court used the burglary antimerger statute to count Pleasant's prior convictions for first degree burglary and first degree robbery separately, not the same criminal conduct definition in RCW 9.94A.589(1)(a). Even if understandable, this was still error.

---

[8] Because we accept the State's concession that application of the burglary antimerger statute to Pleasant's prior convictions was error and remand for resentencing, we do not consider whether Pleasant received ineffective assistance of counsel.

[9] Under RCW 9.94A.589(1)(a), same criminal conduct "means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim."

No. 58062-4-II

CONCLUSION

We accept the State's concession that there was an error in calculating Pleasant's offender score. Accordingly, we reverse and remand for resentencing.[10]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

VELJACIC, A.C.J.

CHE, J.

---

[10] We express no opinion on whether Pleasant's first degree burglary and first degree robbery are the same criminal conduct under RCW 9.94A.589(1)(a). Any same criminal conduct determination is left to the superior court on remand.