IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39242-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CLARK ALLEN TELLVIK, | ) | |
| | ) | |
| Appellant. | ) | |

MURPHY, J. — Clark Allen Tellvik appeals from a second amended judgment and sentence. He contends that he is entitled to a de novo resentencing because the trial court failed to meaningfully consider evidence of his rehabilitation and recognize its discretion to impose concurrent sentences on his firearm-related convictions. He also seeks remand for the trial court to strike a $500 crime victim penalty assessment (VPA), consider waiving interest on restitution, and correct a clerical error in his warrant of commitment.

We reverse the second amended judgment and sentence and remand for de novo resentencing. At resentencing, meaningful consideration must be given to any request for

No. 39242-2-III
*State v. Tellvik*

an exceptional sentence, including concurrent sentences on the firearm-related

convictions consistent with *State v. McFarland*, 189 Wn.2d 47, 399 P.3d 1106 (2017).[1]

BACKGROUND

In 2016, a jury convicted Tellvik of first degree burglary, possession of a stolen

vehicle, and possession of a controlled substance with the intent to deliver, each with a

firearm enhancement. He was also convicted of making or having burglary tools,

possession of a stolen firearm, and second degree unlawful possession of a firearm.[2]

Tellvik's offender score, that included one point for a 2003 simple drug possession

conviction, was calculated at 9+, resulting in a standard sentencing range of 255 to 288

months. The trial court imposed a total sentence of 267.5 months, with the terms of

confinement for the three firearm-related convictions and enhancements running

consecutively. The court noted the sentence was "harsh" but that "the legislature has said

---

[1] In supplemental briefing, Tellvik had also argued that if the Supreme Court in a formerly pending case were to further overrule *State v. Brown*, 139 Wn.2d 20, 983 P.2d 608 (1999), *overruled in part on other grounds* by *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), then the trial court here would have failed to recognize its discretion to impose concurrent rather than consecutive sentences for the firearm enhancements. The Supreme Court has since rejected that challenge to its holding in *Brown*. *State v. Kelly*, 4 Wn.3d 170, 192, 561 P.3d 246 (2024) ("We hold that Kelly fails to establish that this court's interpretation of the deadly weapon enhancement statute in *Brown* is incorrect, particularly where the legislature has not amended the statute post-*Brown*."). *Id*. at 194 ("We decline to overrule *Brown* where the legislature has acquiesced in this court's decision, and we respect stare decisis principles.").

[2] Tellvik was found not guilty of third degree theft

2

that we're going to treat crimes involving firearms differently and that's what we do."

4 Rep. of Proc. (RP) (June 10, 2016) at 924. The court also imposed the following legal

financial obligations (LFOs): $500 VPA, $200 criminal filing fee, $100 DNA collection

fee, and $4,653.36 in restitution. The trial court declined to assess any discretionary

LFOs but did not waive interest on the LFOs that were imposed, including the restitution.

The commitment warrant credited Tellvik with 131 days already served.

Finding that the trial should have granted a motion to suppress, we reversed

Tellvik's conviction for possession of a controlled substance with intent to deliver and

the associated firearm enhancement, affirmed the remaining convictions, and remanded

for resentencing. *State v. Tellvik*, No. 34525-4-III (Wash. Ct. App. June 14, 2018)

(unpublished), https://www.courts.wa.gov/opinions/pdf/345254_unp.pdf. The Supreme

Court accepted review of Tellvik's case, consolidated it with that of a codefendant who

had been tried separately, and reversed this court. *State v. Peck*, 194 Wn.2d 148, 449 P.3d

235 (2019).

In February 2020, nearly five months after the Supreme Court had filed its

decision in *Peck* but prior to issuance of a mandate,[3] Tellvik filed a CrR 7.8 motion for

---

[3] The Supreme Court's opinion reversing this court was filed on September 19, 2019, amended in an order dated April 8, 2020, and mandated back to the trial court on July 24, 2020, upon denial of Tellvik's motion for reconsideration.

relief from judgment in the trial court. The trial court held a hearing and, after noting

errors in the sentence that had been brought to its attention by the Department of

Corrections (DOC), entered an amended judgment and sentence with a total sentence

of 271.5 months' confinement, crediting Tellvik with 135 days already served.

But believing it lacked jurisdiction to decide the CrR 7.8 motion because an

appellate mandate had not yet been issued, the trial court denied the CrR 7.8 motion and

transferred it to this court as a personal restraint petition. After determining the trial

court's transfer order did not meet the requirements of CrR 7.8(c)(2), we remanded the

matter to the trial court "to reconsider and/or correct its transfer order as necessary."

Order Remanding Pers. Restraint Pet., *In re Pers. Restraint of Tellvik*, No. 37412-2-III,

at 2 (Wash. Ct. App. May 7, 2020). No further action on the CrR 7.8 motion was taken

by the trial court at that time, as Tellvik filed a direct appeal from both the amended

judgment and sentence and the order denying his CrR 7.8 motion.

On December 21, 2021, this court issued a decision in Tellvik's second appeal,

remanding the case to the trial court to consider and assess the previously filed CrR 7.8

motion, and for resentencing based on four identified errors in the February 2020

amended judgment and sentence: (1) the offender score included at least one conviction

that had since been voided by *Blake*,[4] (2) the total term of incarceration and community custody for one of the convictions exceeded the maximum sentence allowed by statute, (3) two of the LFOs (criminal filing fee and DNA collection fee) should no longer be assessed based on Tellvik's indigence and the fact that he had already submitted a DNA sample for a prior conviction, and (4) there were references to inapplicable sentencing enhancements in the judgment and sentence. *State v. Tellvik*, No. 37596-0-III, slip op. at 4-5, (Wash. Ct. App. Dec. 21, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/375960_unp.pdf.

In August 2022, the trial court proceeded with a second resentencing. The prosecution presented a second amended judgment and sentence addressing the four errors noted in our opinion, with defense counsel stipulating to what the parties apparently understood to be a corrected judgment and sentence. *See* 1 RP (Aug. 12, 2022) at 25 ("[W]e have removed those items that the Court of Appeals has said we need to remove. In all other respects, the Judgment and Sentence remains the same."). The trial court then offered Tellvik an opportunity to speak. Tellvik asked the trial court to consider evidence of his rehabilitation, including his completion of all the steps of an Alcoholics Anonymous program, completing two years of HVAC (heating, ventilation

---

[4] *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).

and air conditioning) training, and participation in a welding program. Tellvik's counsel offered to provide documentation, but the trial court declined stating, "I have no reason to doubt that they say exactly what Mr. Tellvik . . . has represented that they say." 1 RP (Aug. 12, 2022) at 27.

The trial court sentenced Tellvik at or near the midpoint of the standard sentencing range for each conviction, for a total of 271.5 months' incarceration.

Tellvik then engaged in the following colloquy with the court:

> MR. TELLVIK: Has there—has there been anything that's come up since sentencing in 2016 that allows [firearm] enhancements to run concurrent to each other?
> THE COURT: Not that I am aware of.
> MR. TELLVIK: <u>Mc</u>—<u>McFarland</u> case or any of the—not that you're aware of?
> THE COURT: No. . . .

1 RP (Aug. 12, 2022) at 29. With regard to LFOs, the trial court eliminated all except the $500 VPA and restitution, and consistent with the other sentencing proceedings did not waive interest on restitution. In the new warrant of commitment, the trial court noted, "Defendant shall receive credit for days served as calculated by DOC." Clerk's Papers (CP) at 346.

Tellvik timely appeals.

6

ANALYSIS

We review discretionary sentencing decisions made under the Sentencing Reform

Act of 1981 (SRA), chapter 9.94A, for abuse of discretion or a misapplication of the law.

*State v. Williams*, 176 Wn. App. 138, 141, 307 P.3d 819 (2013), *aff'd*, 181 Wn.2d 795,

336 P.3d 1152 (2014). A trial court abuses its discretion when its decision is manifestly

unreasonable, or exercised on untenable grounds or for untenable reasons. *State v.*

*Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003). "[F]ailure to exercise discretion is

itself an abuse of discretion subject to reversal." *State v. O'Dell*, 183 Wn.2d 680, 697,

358 P.3d 359 (2015); *see also State v. Grayson,* 154 Wn.2d 333, 342, 111 P.3d 1183

(2005) (holding the trial court's failure to consider an exceptional sentence authorized

by statute was reversible error).

1.      *De novo resentencing*

The scope of a resentencing on remand is limited by the appellate court's mandate.

*State v. Kilgore*, 167 Wn.2d 28, 42, 216 P.3d 393 (2009). Ministerial corrections to a

judgment and sentence limit the discretion of the trial court, but reversals or vacaturs

necessitate de novo resentencing. *In re Pers. Restraint of Sorenson*, 200 Wn. App. 692,

701-02, 403 P.3d 109 (2017); *State v. Dunbar*, 27 Wn. App. 2d 238, 245, 532 P.3d 652

(2023). Resentencing from a *Blake*-based remand is conducted de novo, and the parties

are entitled to advance any and all factual and legal arguments related to the defendant's

7

No. 39242-2-III
*State v. Tellvik*

offender score and sentencing range. *State v. Edwards*, 23 Wn. App. 2d 118, 122, 514

P.3d 692 (2022).[5] Our decision in 2022 that reversed Tellvik's sentence identified errors

warranting resentencing on remand, not clerical corrections to the judgment and sentence.

*See Tellvik*, No. 37596-0-III, slip op. at 4-5.

*2.      Concurrent sentencing*

Tellvik contends the trial court failed to recognize its discretion to impose a

concurrent sentence on his firearm-related convictions. The State responds that the trial

court was not required to recognize its discretion to order concurrent sentences as

Tellvik's sentence was "*not clearly excessive* in light of the purpose of the SRA."

Resp't's Br. at 11. We agree with Tellvik.

"When a trial court is called on to make a discretionary sentencing decision, the

court must meaningfully consider the request in accordance with the applicable law."

*McFarland*, 189 Wn.2d at 56 (citing *Grayson*, 154 Wn.2d at 342). "[E]very defendant is

entitled to have an exceptional sentence actually considered." *Id.* (citing *State v. Garcia-*

*Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997)). "A trial court errs when 'it

refuses categorically to impose an exceptional sentence below the standard range under

---

[5] In *Blake*, the Washington Supreme Court held that Washington's then-existing drug possession statute was void for violating the due process clauses of the state and federal constitutions. *See Dunbar*, 27 Wn. App. 2d at 240.

8

any circumstances' or when it operates under the 'mistaken belief that it did not have the

discretion to impose a mitigated exceptional sentence for which [a defendant] may have

been eligible.'" *Id*. (alteration in original) (quoting *Garcia-Martinez*, 88 Wn. App. at 330;

*In re Pers. Restraint of Mulholland*, 161 Wn.2d 322, 333, 166 P.3d 677 (2007)).

At issue in this case is the trial court's discretion to order an exceptional sentence

for firearm-related convictions. The SRA governs the court's authority to order sentences

for multiple firearm-related convictions to run concurrently:

> If an offender is convicted under RCW 9.41.040 for unlawful possession
> of a firearm in the first or second degree and for the felony crimes of theft
> of a firearm or possession of a stolen firearm, or both, the standard sentence
> range for each of these current offenses shall be determined by using all
> other current and prior convictions, except other current convictions for
> the felony crimes listed in this subsection (1)(c), as if they were prior
> convictions. The offender *shall serve consecutive sentences* for each
> conviction of the felony crimes listed in this subsection (1)(c), and for
> each firearm unlawfully possessed.

RCW 9.94A.589(1)(c) (emphasis added).

Under RCW 9.94A.535, "[a] departure from the standards in RCW 9.94A.589(1)

and (2) governing whether sentences are to be served consecutively or concurrently is an

exceptional sentence." The Washington Supreme Court has held that there is "nothing in

the SRA precluding concurrent exceptional sentences for firearm-related convictions."

*McFarland*, 189 Wn.2d at 54. "[I]n a case in which standard range consecutive

sentencing for multiple firearm-related convictions 'results in a presumptive sentence

9

that is clearly excessive in light of the purpose of [the SRA],' a sentencing court has discretion to impose an exceptional, mitigated sentence by imposing concurrent firearm-related sentences." *Id.* at 55 (quoting RCW 9.94A.535(1)(g)). Remand for resentencing is warranted where "the record suggests at least the possibility that the sentencing court would have considered imposing concurrent firearm-related sentences had it properly understood its discretion to do so." *Id.* at 59.

In *McFarland*, a jury convicted the defendant of a single count of first degree burglary as an accomplice, 10 counts of theft of a firearm as an accomplice and 3 counts of second degree unlawful possession of a firearm. *Id.* at 50. At sentencing, McFarland's counsel agreed with the State on running the sentences for the firearm-related convictions consecutively, but asked that McFarland be sentenced at the bottom of the standard range for each conviction, pointing out the risk of a "lack of proportionality . . . in the punishment based on the consecutive sentences that are required by the legislature." *Id.* at 51. The trial court noted, "'237 months is—just a little shy of 20 years, which is what people typically get for murder in the second degree.'" *Id.* Defense counsel did not request concurrent sentences for the firearm-related convictions and the trial court did not consider ordering concurrent sentences. *Id.* Instead, the court stated, "'I don't have—apparently [I] don't have much discretion, here. Given the fact that these charges are going to be stacked one on top of another, I don't think . . . [the] high end is called for,

here.'" *Id*. (alterations in original). The trial court followed defense counsel's recommendation and imposed sentences at the low end of the standard range for each of the firearm-related convictions. *Id*. McFarland received a total combined sentence of 237 months' incarceration. *Id*. On appeal, the Washington Supreme Court reversed and remanded for resentencing, holding the trial court failed to recognize its discretion to run the sentences for the firearm-related convictions concurrently while noting that the trial court had expressed "some discomfort with [its] apparent lack of discretion" to impose concurrent sentences. *Id*. at 58-59.

In this case, Tellvik's sentences for possession of a stolen firearm and unlawful possession of a firearm are governed by RCW 9.94A.589(1)(c) and thus presumptively must run consecutively. However, as noted by the Supreme Court in *McFarland*, a trial court has discretion to impose concurrent firearm-related sentences where the presumptive consecutive sentence is clearly excessive.[6] *Id*.

As Tellvik was entitled to de novo sentencing at his second resentencing hearing, we would ordinarily focus our review on that second resentencing proceeding.

---

[6] While *McFarland* was decided after Tellvik's original sentencing in 2016, it applied to his second resentencing because no final sentence existed once this court had reversed the original sentence. *See State v. McNeal*, 142 Wn. App. 777, 786-7, 175 P.3d 1139 (2008) (holding that case ceased to be final upon vacation of a sentence and remand for resentencing).

However, at Tellvik's second resentencing hearing, the trial court noted a reliance on its analysis from the original resentencing hearing. *See, e.g.*, 1 RP (Aug. 12, 2022) at 29 ("I gave you the midpoint of the standard range . . . and I still think that's appropriate under these facts."). The same trial judge presided over the trial proceedings and all three sentencing hearings. Given these circumstances, our review of this issue would be incomplete if we did not consider the proceedings from both the original sentencing and second resentencing hearings.

At Tellvik's initial sentencing hearing in 2016, the trial court commented that, while "harsh," the "legislature has said that we're going to treat crimes involving firearms differently and that's what we do." 4 RP (June 10, 2016) at 924. Similar to the sentencing in *McFarland*, Tellvik noted his sentence was comparable to that imposed on an individual for first degree murder and the court acknowledged this. 4 RP (June 10, 2016) at 923. Again, like in *McFarland*, the prosecutor and defense counsel both believed, at the time of Tellvik's original sentencing, that the trial court was required to run the sentences for the firearm-related convictions consecutively. 4 RP (June 10, 2016) at 915-16, 923.

At Tellvik's second resentencing hearing in 2022, the trial court answered in the negative when asked if it was aware that it had discretion to impose concurrent sentences on the firearm-related convictions. Tellvik brought *McFarland* to the court's attention.

12

Admittedly, he did so for the wrong proposition—asking if the sentences for enhancements, rather than convictions, could run concurrently—but the trial court's brief response did not demonstrate a familiarity with *McFarland*'s holding. It is reasonable to conclude the trial court did not recognize it had discretion to impose concurrent sentencing for the firearm-related convictions.

Notably, the trial court in this case chose to impose a midrange sentence instead of one at the low end of the standard range. However, this sentence was rendered in the context of what our Supreme Court in *McFarland* characterized as "some discomfort" with what the trial court perceived as a lack of discretion. 189 Wn.2d at 58-59. The trial court here repeated several times that Tellvik's sentence was "harsh," but it had "a job to do and my job is to, in your case, impose the standard . . . sentence." 4 RP (June 10, 2016) at 919, 924.

The State argues that the trial court was not required to recognize its discretion to order concurrent sentences for the firearm-related convictions because Tellvik's sentence was not "*clearly excessive*." Resp't's Br. at 7; *see McFarland*, 189 Wn.2d at 55 ("Building on the logic of *Mulholland*, we hold that in a case in which standard range consecutive sentencing for multiple firearm-related convictions 'results in a presumptive sentence that is clearly excessive in light of the purpose of [the SRA],' a sentencing court has discretion to impose an exceptional, mitigated sentence by imposing concurrent

13

firearm-related sentences.") (alteration in original) (quoting RCW 9.94A.535(1)(g)).

The State's argument is misplaced. As discussed in *McFarland*, the central question is

whether the trial court was aware it had discretion to order an exceptional, mitigated

sentence by ordering the firearm-related sentences to run concurrently. If the trial court

here was not aware of its discretion to do this, then the question of whether or not

Tellvik's sentence was clearly excessive was never considered by the trial court.

The State also argues that the trial court at Tellvik's 2022 resentencing hearing did

not express any doubt about Tellvik's original sentence. However, again, if the trial court

was not aware it had discretion to order a mitigated sentence, then there would not have

been a basis for the trial court to express any doubt.

Similar to *McFarland*, the trial court here failed to recognize its discretion to

impose concurrent sentences on Tellvik's firearm-related convictions. Based on the

apparent lack of recognition that it had discretion to order concurrent sentences for

the firearm-related convictions, we remand for resentencing.[7]

3.     *VPA*

Tellvik contends, and the State agrees, that on remand the $500 VPA should be

struck to comply with the 2023 amendments to RCW 7.68.035 that prohibit imposition

---

[7] As we are remanding for resentencing, we do not address Tellvik's contention about rehabilitation evidence.

of a VPA on indigent defendants. As Tellvik's direct appeal was pending at the time the

statute was amended, he is entitled to the benefit of the statutory amendments on remand.

*State v. Wemhoff*, 24 Wn. App. 2d 198, 200-02, 519 P.3d 297 (2022). As we are reversing

Tellvik's sentence and remanding for full resentencing, this issue may be addressed on

remand.

## 4.    *Interest on restitution*

Tellvik argues that the trial court on remand should exercise its discretion under

RCW 10.82.090(2) to waive interest on restitution. Relying on RCW 10.82.090(3), the

State takes the position that such a determination cannot be made until (1) the principal

amount of the restitution has been paid in full, or (2) an offender has been released from

total confinement and a crime victim has been afforded an opportunity to address the

court on the issue.

Effective on January 1, 2023, our legislature added the following subsection to

former RCW 10.82.090 (2018):

> (2) The court may elect not to impose interest on any restitution the
> court orders. Before determining not to impose interest on restitution, the
> court shall inquire into and consider the following factors: (a) Whether the
> offender is indigent as defined in RCW 10.101.010(3) or general rule 34;
> (b) the offender's available funds, as defined in RCW 10.101.010(2), and
> other liabilities including child support and other legal financial
> obligations; (c) whether the offender is homeless; and (d) whether the
> offender is mentally ill, as defined in RCW 71.24.025. The court shall also
> consider the victim's input, if any, as it relates to any financial hardship

15

caused to the victim if interest is not imposed. The court may also consider any other information that the court believes, in the interest of justice, relates to not imposing interest on restitution. After consideration of these factors, the court may waive the imposition of restitution interest.

While Tellvik was resentenced in 2022 prior to the effective date of the amendments to RCW 10.82.090, the 2023 amendments apply here because Tellvik's current appeal is not yet final. *State v. Reed*, 28 Wn. App. 2d 779, 782, 538 P.3d 946 (2023). At resentencing, the trial court can "decide to impose interest on restitution after consideration of the relevant factors under RCW 10.82.090(2)." *Id.*

## 5. *Credit for time served*

Tellvik contends, and the State concedes, that Tellvik's warrant of commitment contains an error in the calculation of time served.

"As a matter of constitutional law, defendants are entitled to credit for all time served in confinement on a criminal charge, whether that time is served before or after sentencing." *State v. Enriquez-Martinez*, 198 Wn.2d 98, 101, 492 P.3d 162 (2021). As a warrant of commitment is one of the documents required to be completed at the time of sentencing, WAC 381-30-090(2), and we are remanding this case to the trial court for a full resentencing, this error in calculation may be corrected on remand.

No. 39242-2-III
*State v. Tellvik*

CONCLUSION

We reverse Tellvik's sentence and remand for de novo resentencing consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:

_____
Staab, A.C.J.

_____
Fearing, J.P.T.[†]

---

[†] George B. Fearing, a retired judge of the Washington State Court of Appeals, is serving as a judge pro tempore of this court pursuant to RCW 2.06.150(1).

17