**NOTICE:  SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 84716-3-I |
| Respondent, | DIVISION ONE |
| v. | PUBLISHED OPINION |
| ROOSEVELT REED, | |
| Appellant, | |

FELDMAN, J. — Roosevelt Reed appeals his sentence for assault in the first degree following resentencing pursuant to *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), which invalidated the statute criminalizing simple drug possession. While the resentencing court reduced Reed's offender score from nine to seven and reduced his term of confinement by seven years, it did not strike the provisions in the original judgment and sentence imposing the $500 crime victim penalty assessment (VPA), $100 DNA collection fee, and interest on restitution. For the reasons that follow, we remand for the superior court to (1) strike the VPA and DNA collection fees and (2) decide whether to impose interest on restitution after consideration of the relevant factors under RCW 10.82.090(2). We reject the argument in Reed's Statement of Additional Grounds (SAG) that the superior court incorrectly determined his offender score.

No. 84716-3-I/2

## I. CRIME VICTIM PENALTY ASSESSMENT, DNA COLLECTION FEE, AND RESTITUTION INTEREST

Reed asks us to remand for the superior court to strike from his judgment and sentence the $500 VPA and the $100 DNA collection fee. He argues that recent amendments to RCW 7.68.035 provide that the VPA shall not be imposed against a defendant such as Reed who is indigent at the time of sentencing. LAWS OF 2023, ch. 449, § 1. He likewise argues that RCW 43.43.7541 was also amended to remove the DNA collection fee requirement. LAWS OF 2023, ch. 449, § 4. The State does not object to a remand for purposes of striking the VPA or the DNA collection fee from Reed's judgment and sentence. We accept the State's concession and, accordingly, remand for the superior court to strike the VPA and DNA collection fee from Reed's judgment and sentence.

Next, Reed asks us to remand for the superior court to consider waiving interest on restitution. A recent amendment to RCW 10.82.090 provides that the superior court "may elect not to impose interest on any restitution the court orders" and that this determination shall be based on factors such as whether the defendant is indigent. LAWS OF 2022, ch. 260, § 12. Reed argues that although this provision did not take effect until after his sentencing, it applies to him because his case is still on direct appeal. We agree.

Division Two's recent opinion in *State v. Ellis*, 27 Wn. App. 2d 1, 530 P.3d 1048 (2023), is persuasive on this point. Ellis argued there that statutory imposition of restitution interest violates the excessive fines clause of the Eighth Amendment to the United States Constitution and article 1, section 14 of the Washington Constitution. *Id.* at 13. The court declined to reach the constitutional

2

No. 84716-3-I/3

argument upon concluding that "this issue has been resolved by the recent enactment of a new statutory provision regarding restitution interest." *Id.* at 15 (citing RCW 10.82.090 effective January 1, 2023. LAWS OF 2022, ch. 260, § 12). Relevant here, the court added: "Although this amendment did not take effect until after Ellis's resentencing, it applies to Ellis because this case is on direct appeal." *Id.* at 16. The court therefore remanded the issue "for the trial court to address whether to impose interest on the restitution amount under the factors identified in RCW 10.82.090(2)." *Id*. We agree with *Ellis* and conclude that the same reasoning and result apply equally here.

The State claims we should not follow *Ellis* because the court there purportedly misapplied *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018). To support this argument, the State emphasizes that the court in *Ramirez* referred in its opinion to "costs" imposed on criminal defendants following conviction. 191 Wn.2d at 749.  From this, the State argues that *Ellis* was wrongly decided because "[t]here is no basis to extend the holding in *Ramirez* to financial obligations that are not costs, such as the restitution obligation at issue here."

We reject this argument.  Like the costs imposed in *Ramirez*, restitution interest is a financial obligation imposed on a criminal defendant as a result of a conviction.  *See* RCW 10.01.160(1); RCW 10.82.090(1).  We therefore agree with *Ellis* that restitution interest is analogous to costs for purposes of applying the rule that new statutory mandates apply in cases, like this one, that are on direct appeal.  27 Wn. App. 2d 16.  Thus, even though the amendment to RCW 10.82.090 regarding the superior court's authority to waive interest on restitution

3

No. 84716-3-I/4

did not take effect until after Reed's resentencing, it applies here because this case is on direct appeal. As in *Ellis*, we remand for the superior court to decide whether to impose interest on restitution after consideration of the relevant factors under RCW 10.82.090(2).

## II. STATEMENT OF ADDITIONAL GROUNDS

Reed argues that his prior convictions for assault in the first degree, unlawful imprisonment, and assault in the third degree should not have been included in his offender score because "those judgment and sentences are facially invalid as they contain an unconstitutional conviction for simple drug possession" in their offender score calculations. We disagree.

Two of our prior opinions are instructive here. In *State v. French*, 21 Wn. App. 2d 891, 894, 508 P.3d 1036 (2022), we held that the superior court correctly declined to add one point to French's offender score as a result of his commission of an offense while on community custody[1] because the sentence condition of community custody was imposed on French as a "direct consequence" of a constitutionally invalid drug possession conviction. Then, in *State v. Paniagua*, 22 Wn. App. 2d 350, 359, 511 P.3d 113 (2022), we distinguished *French* and held that the superior court correctly declined to deduct one point from Paniagua's offender score corresponding to a bail jumping offense committed while he was being held on a constitutionally invalid drug possession charge because bail jumping is "an additional crime" that does not require the existence of a predicate crime as an element.

---

[1] *See* RCW 9.94A.525(19) ("If the present conviction is for an offense committed while the offender was under community custody, add one point.").

4

No. 84716-3-I/5

Applying *French* and *Paniagua*, the dispositive issue here is whether Reed's prior convictions for assault and unlawful imprisonment are (a) dependent on a conviction that is now invalid under *Blake* (as in *French*) or (b) separate from (or in addition to) a conviction that is now invalid under *Blake* (as in *Paniagua*). The latter is correct. Unlike the circumstances in *French*, Reed's prior convictions are not dependent on, nor are they a "direct consequence" of, a conviction that is invalid under *Blake*. To the contrary, similar to *Paniagua*, these are "additional crimes," and the facts and circumstances of each are wholly independent of any prior conviction that is now invalid under *Blake*. For these reasons, we reject Reed's argument that these prior convictions should have been excised in determining his offender score.

Lastly, Reed argues that (1) he must be resentenced because his exceptional sentence is unlawful as it is based on an incorrect offender score, (2) at a resentencing based on a corrected offender score, a jury must be impaneled if the State still seeks an exceptional sentence, and (3) even if the impaneled jury finds aggravating factors sufficient to warrant an exceptional sentence, the court should choose not to impose it because he has demonstrated years of rehabilitation. Each of these arguments is predicated on Reed's erroneous assertion that the superior court incorrectly determined his offender score. We need not address these issues because we have rejected Reed's arguments regarding his offender score.[2]

---

[2] Reed also raises two additional issues regarding (a) the timeliness of his offender score argument and (b) the evidentiary record that this court can properly consider in deciding the appeal. Because we address the merits of Reed's argument regarding his offender score based on the pertinent superior court documents, we do not address these preliminary issues.

III. CONCLUSION

We affirm Reed's offender score and remand for the superior court to (1) strike the VPA and DNA collection fees and (2) decide whether to impose interest on restitution after consideration of the relevant factors under RCW 10.82.090(2).

Feldman, J.

WE CONCUR

Díaz, J.

Mann, J.